Benjamin F. Nolan, J.
This motion by tenants to vacate their default and restore this summary proceeding to the trial calendar was brought on by an order to show cause signed on December 6, 1976 and made returnable on December 14, 1976. An express condition of the said order to show cause was that tenants deposit in court the sum of $504 on or before December 13, 1976 — which was done. The said sum of $504 is the total amount of the judgment sought to be vacated on this motion and constitutes the total amount of rent demanded in the petition. The said order to show cause also stayed the execution of a previously issued warrant of eviction "pending the hearing and determination of this motion and the entry of an order thereon.” On the return date, December 14, 1976, the motion was adjourned on consent to December 22, 1976, when counsel for petitioner, New York City Housing Authority, submitted an affirmation opposing the motion on the grounds that "there was no right on behalf of the tenant to pay the said rent after issuance of the warrant in this proceeding and * * * no duty on the part of the landlord to accept the same” and, further, that "the moving affidavit fails to state a meritorious defense or a basis for excusable neglect.” Petitioner has not sought to have the petition amended to include a demand for rents due and unpaid for periods subsequent to the date of the petition; nor, has petitioner asked the court for an order permitting petitioner to withdraw the rents deposited into court by tenants. Petitioner asks only that the motion be denied. Such denial would enable petitioner to evict tenants under the warrant previously issued on the basis of the judgment of October 26, 1976. That judgment is for the $504 rent arrears demanded in the petition.
Petitioner’s said affirmation concludes by serving notice *406 upon the court that, "if the Court shall find that respondent Ttenant] had a right to pay the rent in this proceeding a judgment [should] be entered to that effect to afford the petitioner the right to appeal therefrom”.
Turning first to the issue, whether tenants had the right to pay and petitioner the duty to accept the rent demanded in the petition after the warrant of eviction issued, attention is called to subdivision 3 of section 749 of the Real Property Actions and Proceedings Law, which reads in pertinent part as follows, "The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises * * * but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof. ” The emphasized portion of the above statute points up an amendment thereof pursuant to chapter 192 of the Laws of 1975, effective, June 10, 1975, which codified earlier case law. (Schwartz v Jimenez, NYLJ, Feb. 20, 1975, p 2, col 2; Agro v Varsallona, NYLJ, Nov. 14, 1974, p 19, col 2; Scaglione v O’Leary, NYLJ, June 28, 1973, p 15, col 2; Presta v Circle Studios, NYLJ, April 7, 1972, p 2, col 5; Papp v Maffei, 64 Misc 2d 739; Matter of Albany v White, 46 Misc 2d 915; and Matter of Joseph v Cheeseboro, 42 Misc 2d 917, revd on other grounds 43 Misc 2d 702.) The foregoing cases are authorities for the propositions that, even after the issuance of a warrant, so long as the warrant remains unexecuted and the tenants remain in possession (as here), the summary proceedings are still pending and the court can continue to act as justice requires; further, that the tenants have the right to pay the amount due under the final judgment, and the court has the power to afford tenants, whose delay in payment of rent arrears was not deliberate, the opportunity to pay the rent, and can retain jurisdiction to promulgate, effectuate or terminate any steps in the proceeding which might be necessary, including though not limited to, the stay or vacating of the warrant. In Matter of Joseph v Cheeseboro (supra, p 919) the court emphasized that, "The only limitation on a stay, therefore, is the court’s own sense of discretion, prudence, and justice.” In the same case, the court points out that despite the fact that subdivision 3 of section 749 of the Real Property Actions and Proceedings Law expressly states that the issuance of a warrant annuls the relationship of landlord and tenant, the said annulment is only a technical annulment which is nevertheless "subject to revival.”
*407 Accordingly, it is clear that the court had the right to stay the warrant and afford tenants herein an opportunity to pay the entirety of the rent arrears demanded in the petition, so long as tenants’ failure to pay the rent was not deliberate, and so long as there was "good cause shown” to afford tenants such opportunity — which brings us to the second major issue raised in petitioner’s opposing affirmation, i.e., the legal sufficiency of tenants’ underlying affidavit in support of their motion. While the reasons stated by tenant, Maria Torres, in her affidavit, specifically, that she could "not take time off from work” and that she does "not have all the money”, when taken alone, would appear to fall short of a satisfactory statement of facts spelling out a meritorious defense and a basis for excusable neglect, it must be noted that this pro se tenant of Hispanic extraction utilized the form affidavit provided by our court personnel which allows only two lines for the entry of tenants’ reasons for seeking the order to show cause. In evaluating such an affidavit, the court is inclined to be liberal in the exercise of its discretion in favor of an applicant it believes is sincerely desirous of paying the rent. To alleviate or avoid prejudice to landlord by the grant of the order, the court required tenants to deposit into court before the return date of the motion the sum of $504, the entirety of rent arrears demanded in the petition, which tenants have done. Here, however, there were additional considerations justifying the grant of the order to show cause and the stay of the warrant. In an earlier application, the underlying affidavit on behalf of tenants alleged that the rent had been offered and refused; also, that tenants had not been served with the petition and notice of petition. It is not unreasonable to assume that tenant, Maria Torres, in writing in her reasons for relief on the two lines of the form affidavit in support of this motion considered them to be additions to those reasons set forth in the affidavit in support of the earlier motion. Consideration must be given to problems of word expression including problems arising from foreign language difficulties. In the exercise of discretion, prudence and justice, this court concludes that the tenants’ contentions in the affidavit supporting the earlier motion and those recited in the affidavit supporting the instant motion, when taken together, support the conclusion that tenants did state a meritorious defense and a basis for excusable neglect which justify the grant of this motion, unless there were other reasons for not granting *408 it. Petitioner’s contention in its opposing affirmation that it has no duty to accept the rent of these tenants would appear to lend some credence to tenants’ earlier contentions that their rent had been offered and refused.
Finally, there is another reason for rejection of petitioner’s attack upon the reasons for relief set forth in tenants’ moving affidavit. Under a directive of the Administrative Judge, petitioner, as a publicly funded housing authority, is provided with an opportunity to oppose the grant of an order to show cause presented by a tenant of any of its projects. This is a unique procedural privilege not available to any other class of petitioners. When such an order to show cause is presented, a phone call is made to counsel for petitioner by the clerk or a law assistant providing all particulars of the application. The court thereupon withholds action on the application for 30 minutes, a period of time afforded counsel for petitioner to dispatch an attorney to court to oppose the application should counsel for petitioner see fit to do so. In the instant situation, a phone communication was duly made to counsel for petitioner and this fact is noted on the face of the order to show cause; however, no attorney was dispatched to court by counsel for petitioner to oppose the application for the order to show cause. By failing to send an attorney to court to contest the application, counsel for petitioner also lost an opportunity to petition the court to amend the petition to include rent due and unpaid to date. Such an amendment is granted only when all parties are before the court. It is particularly unfair to now complain that the affidavit underlying the order to show cause was insufficient when it was only pursuant to that order to show cause that tenants were able to pay the rents (albeit into court) after the rents had been refused earlier by the landlord. And, it is further unfair to say to tenants that now, after they have paid into court, pursuant to court order, all of the rents demanded in the petition, they should nevertheless be evicted.
Tenants’ motion is granted; and, since tenants have satisfied the judgment, the same is vacated as well as the warrant of eviction based thereon, and the petition is accordingly dismissed. Although petitioner has not sought the relief, petitioner may nevertheless submit an order in proper form for the withdrawal and payment to it of the rents deposited in court by tenants.
Should this court’s order disposing of the instant motion be appealed by petitioner, these pro se tenants are advised, if *409 they see fit, to petition this court for the appointment of counsel to represent them on such appeal.