NEW YORK CITY HOUSING AUTHORITY, Appellant, v LUIS TORRES et al., Respondents.

First Department, April 4, 1978

## APPEARANCES OF COUNSEL

*Aaron Kohn* of counsel *(Laurel Anne Binder* with him on the brief; *Donald Schatz,* attorney), for appellant.

No appearance on behalf of respondents.

## OPINION OF THE COURT

*Per Curiam.*

The respondents Torres are tenants in the Richman Plaza project of the petitioner, New York City Housing Authority (the authority).

The authority began a nonpayment proceeding on August 11, 1976 to recover $504 representing the total rent due for the months of June through August, 1976, inclusively. On September 15, 1976 a judgment by default was entered against the tenants and, on September 16, 1976, a warrant of eviction issued. The warrant was stayed by court order on September 24, 1976, conditioned upon the arrears of $504 being deposited on or before September 28, 1976. The motion was adjourned twice. Finally, on October 26, 1976, a second default judgment was entered and ultimately on November 26, 1976, a second warrant of eviction issued. The tenants, undaunted, obtained another stay of execution of the warrant on December 6, 1976, conditioned upon depositing the $504 in court on or before December 10, 1976. The court finally heard the motion on the merits and granted the tenants' motion to vacate the default, vacated the judgment, and dismissed the petition. The rationale for the dismissal was that the tenants had finally paid the $504 owed for the rent from June through August. The determination of the Civil Court was unanimously affirmed by the Appellate Term. We would reverse and reinstate the final judgment in favor of the landlord.

Analysis of this case must begin with the unquestioned premise that the issuance of a warrant of eviction annuls the relationship of landlord and tenant (Real Property Actions and Proceedings Law, § 749, subd 3; *300 West Realty Co. v Wood,* 69 Misc 2d 580, 581, affd 69 Misc 2d 582), and the landlord is no longer obligated to accept a tender of rent. Despite the termination of the landlord-and-tenant relationship, subdivision 3 of section 749 was interpreted to allow vacatur of a warrant if there was evidence of palpable fraud *(Matter of Joseph v Cheeseboro,* 42 Misc 2d 917, 919, revd on other grounds 43 Misc 2d 702) or failure of the landlord to accept a proper tender of rent made prior to issuance of a warrant.[1] *(Matter of Albany v White,* 46 Misc 2d 915, 917; *Fine v Denkins,* NYLJ, July 12, 1972, p 2, col 2).

---

1. A timely tender bars entry of final judgment and therefore logically it must bar issuance of a warrant which is based on that final judgment.

In 1975, subdivision 3 of section 749 of the Real Property Actions and Proceedings Law was amended to reflect this case-law gloss, and the statute now provides that a court has the power "to vacate such warrant *for good cause shown* prior to the execution thereof" (emphasis added).

It was well recognized, however, both in the preceding cases construing the statute and in the language of the amendment, that the vacatur requires an exercise of judicial discretion. The court must therefore weigh the possible harm engendered or benefit derived by the exercise of that discretion.

In the case at bar, there is an additional ingredient to be considered in the court's exercise of its discretion. The final judgment in favor of the landlord was obtained by default, and vacatur of that default must therefore be based upon both a showing of underlying merit and a reasonable excuse for the default (CCA, § 2102; CPLR 5015; *Ad Press Ltd. v Environmental Enterprises,* 41 AD2d 636).

The court on this motion had before it the second of two orders to show cause served by the tenants to obtain a stay of execution of the warrant of eviction. The affidavit of the tenant Maria Torres on this second motion offered as her excuse that she could "not take time off from work," and that she does "not have all the money." Special Term recognized that these "statements" were insufficient to spell out a meritorious defense or a basis for excusable neglect *(New York Housing Auth. v Torres,* 89 Misc 2d 404, 407). It therefore also considered the papers submitted on the first order to show cause. The first papers consisted, however, of an affidavit made by one without personal knowledge of the facts and contained statements in direct contradiction to the second affidavit[2] and should not have been considered by the court.

The court also considered that the tenant was of "Hispanic extraction" and may have had "problems arising from foreign language difficulties" *(New York Housing Auth. v Torres, supra,* p 407). No factual basis exists, in the record, for a finding by the court that the tenant had language difficulties or, other than can be inferred from her married surname, that she was even of Hispanic extraction.

The affidavit annexed to each order to show cause was a

---

2. The second affidavit admitted service of the notice of petition and petition, while the first did not. Furthermore, the second affidavit states that no previous application for the relief requested was made when in fact there was one.

printed form supplied by the court. The form had printed upon it the usual defenses available to a tenant and space for additional explanations. The tenant, in her affidavit, specifically crossed out the defense of lack of jurisdiction, indicating that she understood the nature of the affidavit she was filing. She was careful in delineating the "excuses" upon which she relied.

We conclude that there was insufficient basis for vacatur of the default judgment. The nonpayment proceeding was initiated on August 1, 1976. The tenant, via orders to show cause and requests for adjournments, frustrated execution of not one but two default judgments and warrants issued thereon, and successfully avoided payment of the initial $504 due through December, 1976. There was no denial by the tenant that the rent was due. The payment of that rent *after* issuance of the warrant does not result in automatic vacatur of the warrant (Real Property Actions and Proceedings Law, § 749, subd 1) and, in the absence of good cause shown, the court should not effectuate vacatur (Real Property Actions and Proceedings Law, § 749, subd 3).

We find that the excuses offered by the tenant of lack of funds and lack of time to attend court made on December 6, 1976, four months after the initial demand of the landlord and six months after the June rent was due, to be patently lacking in merit and, absent further evidentiary showing, totally unworthy of belief. Accordingly, the order of the Appellate Term, entered April 28, 1977, which unanimously affirmed an order of the Civil Court (NOLAN, J.), entered January 19, 1977, granting, *inter alia,* respondents' motion to vacate their default and to vacate a final judgment of possession in favor of the landlord, should be reversed, on the law and the facts, and the judgment reinstated, with costs and disbursements.

LUPIANO, J. P., LANE, MARKEWICH and SANDLER, JJ., concur.

Order, Appellate Term, First Department, entered on April 28, 1977, unanimously reversed, on the law and the facts, and the judgment reinstated. Appellant shall recover of the respondents $60 costs and disbursements of this appeal.