■ ILTIT ASSOCIATES, Appellant, v BEVERLY STERNER et al., Respondents.

—Order of the Appellate Term, entered June 23, 1977, which unanimously modified orders of the Civil Court, entered November 29, 1976 and February 28, 1977, by vacating the final judgment of possession entered October 13, 1976 as to undertenant Ricki Stevenson, and restoring said undertenant to possession of the apartment upon compliance with certain conditions set forth in said order and restoring proceeding to the Trial Calendar, unanimously reversed, on the law and on the facts, and the orders of the Appellate Term and the Civil Court opening the default vacated and the motion to vacate the default denied, without costs or disbursements. The landlord secured a warrant of eviction in a nonpayment proceeding following a default by the tenant Sterner. The warrant was executed and possession of the apartment delivered to the landlord by a marshall. Stevenson moved by order to show cause to vacate the default, stating in her affidavit that she was the tenant, that the default occurred because her attorney was negotiating a lease with the landlord, that the rent was to have been paid when she received her lease, that she stood "ready, willing and able" to pay her rent, and that her default was in no way deliberate since she understood the landlord would not act on the case during the negotiations. Following extensive argument, but without a hearing, the hearing officer to whom the matter was referred vacated the default and imposed certain conditions. At the argument, Stevenson, claiming a right to possession through the tenant, disclosed that she (Stevenson) had paid the required rent to a tenants' committee during a rent strike. While the motion was pending, the ownership of the building changed hands. The apartment is currently occupied by a new tenant pursuant to a proprietary lease, the building having become a co-operative. There was no evidentiary basis for opening the default. Respondent was unable to show that she had paid rent to the landlord for the period claimed in the landlord's petition nor was there any support for her assertion that during such period her attorney was attempting to negotiate a lease with the landlord on her behalf. Accordingly, respondent failed to demonstrate that her default was excusable or that she had a meritorious defense to the landlord's proceeding. The issuance of a warrant of eviction annuls the relationship of landlord and tenant (Real Property Actions and Proceedings Law, § 749, subd 3; *300 West Realty Co. v Wood,* 69 Misc 2d 580, 581, affd 69 Misc 2d 582) and the landlord is no longer obligated to accept a tender of rent. This rule will give way if there is a demonstration of palpable fraud *(Matter of Joseph v Cheeseboro,* 42 Misc 2d 917, 919, revd on other grounds 43 Misc 2d 702) or failure of the landlord to accept a proper tender of rent prior to the issuance of warrant *(Matter of Albany v White,* 46 Misc 2d 915, 917; see, also, *New York City Housing Auth. v Torres,* 61 AD2d 681). Although the Civil Court may grant relief in appropriate circumstances from its own judgment or orders (CCA, § 212; CPLR 5015), even after execution of a warrant, no such circumstances appear in the case at bar (see *Third City Corp. v Lee,* 41 AD2d 611). We note that respondent is not seeking affirmative relief from the Civil Court in this case. In reversing we do not pass judgment upon the lawsuit pending between respondent and her former landlord (see, *Third City Corp. v Lee, supra).* Concur—Murphy, P. J., Lupiano, Birns, Silverman and Lynch, JJ.