OPINION OF THE COURT
Bernard Fuchs, J.
After trial of a holdover proceeding petitioner obtained judgment of possession on October 27, 1978 unless respondent Cannady removed her two dogs from the apartment by November 30, 1978 and filed an affidavit to that effect. Respondents noticed an appeal but then proceeded, instead, by a *1140 motion in this court to vacate the judgment. That motion led to a second judgment of possession on December 11, 1978 to be effective unless respondents filed an affidavit by January 15, 1979 attesting to permanent removal of the dogs and payment of all amounts accrued for use and occupancy. Instead of complying, respondents again served a notice of appeal which was not pursued.
On March 17, 1979 respondents removed the dogs but filed no affidavit. Petitioner obtained a warrant for respondents’ removal on March 26, 1979 and respondents now move to extend their "time to satisfy the judgment”. In effect, the relief requested is to vacate the warrant and the judgment.
Respondents rely on CPLR 2004 as authority for the court’s discretion to grant the motion. They argue that petitioner has now obtained the relief he pursued, the delay in providing it is inconsequential, no prejudice to petitioner is shown and eviction would inflict "irreparable injury” on respondents..
Petitioner does not address himself to the court’s discretion. Instead he argues that the court may not grant the relief applied for (First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630; Chinatown Apts. v Chu Cho Lam, NYLJ, March 29, 1979, p 7, col 1). In those cases, however, the period for performance was contractually specified in a lease or occupancy agreement and the court was not free to rewrite a contractual obligation. The period in question here is set forth in the written decision granting judgment, not in a contract.
Another authority which precludes the court’s exercise of discretion, petitioner argues, is New York City Housing Auth. v Torres (61 AD2d 681). There the court declined to vacate a default judgment of possession for nonpayment of rent when the rent was tendered and refused after issuance of the warrant. It was held that the warrant had annulled the landlord-tenant relationship and the judgment could not be vacated absent a showing of excusable default and "underlying merit”, both of which were lacking. (Real Property Actions and Proceedings Law, § 749, subd 3; CPLR 5015.)
The judgment in the present case, unlike that in Torres, was not obtained by default. Respondents have, however, defaulted in performing the condition specified by the court for satisfaction of the judgment. Such a default does not fall within CPLR 5015. (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04.) The court will, therefore, consider the issues of excuse and merit as bearing only on the exercise of discretion.
*1141 The statute which annuls the landlord-tenant relationship upon issuance of a warrant preserves, in a 1975 amendment, the court’s power to "vacate such warrant for good cause shown”. (Real Property Actions and Proceedings Law, § 749, subd 3.) Torres can be read to limit that discretion to cases of fraud or a landlord’s refusal to accept a proper rent tender or the like. The amendment is said to reflect a "case-law gloss” to that effect. (See Matter of Joseph v Cheeseboro, 42 Misc 2d 917, revd on other grounds 43 Misc 2d 702; Matter of Albany v White, 46 Misc 2d 915; Fine v Denkins, NYLJ, July 12, 1972, p 2, col 2.) The Torres court also recognizes, however, that "vacatur requires an exercise of judicial discretion” which the statute does not expressly limit. And an amendment merely to enact the "case-law gloss” would not have been necessary. Discretion under subdivision 3 of section 749 of the Real Property Actions and Proceedings Law is, therefore, not limited to a narrow class of cases and it matters little in the present case whether that provision or CPLR 2004 is applied.
Although the dogs were not removed until two months after the deadline specified by the court’s December 11, 1978 decision, petitioner has himself not been diligent. He waited almost 2Vt. months after the deadline to obtain a warrant for respondents’ removal. The evidentiary or ministerial action of filing the affidavit had not then been performed but both substantive demands of the judgment (removal of dogs and payment) had been satisfied. Petitioner’s delay may rightly be taken as a tacit acquiescence in respondents’ procrastination. Had he acted diligently, there could have been no opposition to his warrant.
There is a further consideration which should weigh in the balance of discretion here. From October 27, 1978 to March 17, 1979 respondents were under a judicially imposed legal duty to remove the dogs or vacate the apartment. Two successive deadlines of November 30, 1978 and January 15, 1979 were disregarded for months at a time.
Even after accounting for the anguish of a dog lover required to dispose of her pets, respondents’ conduct nevertheless appears recalcitrant and disrespectful of law. It has also caused petitioner to incur unnecessary expense. Respondents should bear part of that expense notwithstanding that the balance of discretionary considerations falls in their favor.
The motion is granted and the warrant and judgment are *1142 vacated upon payment or tender to petitioner of $125 costs within 10 days after service on either petitioner or respondents of a copy of this order with notice of entry. Otherwise the motion is denied.