**In re Barry DABNEY, a/k/a Barry London Dabney, Bankrupt.**

**BAY PARK ONE COMPANY, Plaintiff/Respondent,**

v.

**Barry DABNEY, Defendant/Appellant.**

**Bankruptcy Nos. 79 C 1999, 78 B 2304.**

United States District Court, E. D. New York.

March 28, 1980.

Allison, Kaufman & Greenberg, New York City by Burton R. Ross, New York City, for plaintiff/respondent.

B. Mitchell Alter, Brooklyn, N. Y., for defendant/appellant.

John C. Gray, Jr., Brooklyn Legal Services, Corp. B, Brooklyn, N. Y., amicus curiae.

DC 37 Municipal Emp. Legal Service Plan by Judith A. Garson, New York City, amicus curiae.

### MEMORANDUM OF DECISION AND ORDER

EDWARD R. NEAHER, District Judge.

█ This is an appeal by Barry Dabney ("the bankrupt" or "Dabney") from a judgment of the Bankruptcy Court (Hon. Joseph V. Costa) dated July 12, 1979, vacating previously entered stays of execution of a warrant of eviction of the bankrupt from an apartment at 2750 West 33rd Street in

Brooklyn, New York. The issue presented by this appeal is whether Bay Park One Company's ("Bay Park" or "landlord") attempt to regain possession of the premises pursuant to a State court judgment and warrant of eviction runs afoul of the "fresh start" doctrine of the federal bankruptcy laws and therefore is invalid under the Supremacy Clause of the United States Constitution.

We have considered the parties' briefs as well as the views of the amicus curiae and affirm the judgment of the Bankruptcy Court for the reasons contained in Judge Costa's thorough memorandum opinion and order. In contrast to *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), upon which the bankrupt and the amicus curiae place principal reliance, the bankrupt's only colorable argument here is that the landlord's recovery of its apartment through State processes impinges indirectly on his "fresh start" under the bankruptcy laws. Primarily he claims that because shelter is so important the landlord's action in seeking his eviction will necessarily compel him to pay the judgment debt so that he can remain in possession.

This argument rests on two assumptions unsupported by the record. First, the landlord must be willing to accept a tender of rent since under State law it apparently no longer has any obligation to do so. See *New York City v. Torres,* 61 A.D.2d 681, 403 N.Y.S.2d 527 (1st Dept. 1978). On the record of continual failure to pay rent, it is questionable whether Bay Park would accept a tender from Dabney or would prefer simply to refuse to deal with one who has proved an unsatisfactory tenant from its perspective. Whether the landlord can properly refuse a tender in these circumstances is a matter of State law not before the court.

Second, there must be such a critical housing shortage that the effect of the landlord's action is not merely to deprive Dabney of *its* apartment but also to deprive him of *all* shelter. Although the amicus curiae asks the court to take judicial notice of a housing shortage in the area of Brook-

lyn in which Dabney currently resides, this is not sufficient. While the court appreciates the emotional and financial strains of relocation, this event is not so out of the ordinary even for one of limited means that, standing alone, it requires the extraordinary injunction Dabney seeks. Moreover, any suggestion here that the bankrupt is in a position to consider payment of the rather large judgment debt (not to mention other rent apparently due and owing) to avoid his eviction significantly undercuts Dabney's contention that relocation would be a financial hardship and thus not a satisfactory alternative. Such a claim, on the other hand, might support an inference that Dabney is seeking to maintain a favorable rental agreement which, while understandable, is not a sufficient reason for this court to enjoin the landlord from further pursuing his eviction.

■ Since the record does not support Dabney's contention that he would be compelled to pay the judgment debt notwithstanding his discharge in bankruptcy, there is little merit to his claim that State law permitting the landlord to regain possession of its premises under these circumstances in any material manner undermines the full effectiveness of the bankruptcy laws. The "fresh start" to which Dabney is entitled extends to relief from the oppressive debts he incurred *prior* to his petition. See *Perez v. Campbell, supra,* 402 U.S. at 648, 91 S.Ct. at 1710, *citing Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). This he received. The doctrine does not relieve him of every conceivable disability incurred as a result of his bankruptcy or inconvenience encountered while starting over.

Finally, Dabney's equitable arguments do not require a different result. In the circumstances of this case, the landlord is entitled to pursue statutory remedies permitting *it* a fresh start with a new tenant and, presumably, from its perspective a more equitable landlord-tenant relation. Since its actions do not impermissibly impinge on Dabney's own fresh start, the judgment of

the Bankruptcy Court is affirmed in all respects.

SO ORDERED.