OPINION OF THE COURT
Benjamin F. Nolan, J.
Landlord brought this nonpayment summary proceeding to recover a rental balance of $633.20 which included $56 in legal fees. Upon tenant’s default, a judgment for possession only was entered and, thereafter, a warrant of eviction issued. Subsequently, on November 13, 1979, tenant and landlord’s *643 managing agent entered into an agreement under which tenant paid the managing agent $656.40, a sum of money in excess of the total amount demanded in the petition. The agent wrote out a longhand receipt which stated that the total amount due through November 30, 1979 was $949.80. At the hearing on this motion it was established that the $949.80 represented rent due for the five months of July through November of 1979, at $186.30 per month, plus an $18.30 balance due for June, 1979. Nothing was allocated by the managing agent for legal fees. However, the total $949.80 included rents for the additional months of October and November which had not been sought in the petition, which incidentally, had not been amended. Landlord’s agent further wrote in two separate places on the receipt that the $656.40 was paid and accepted "on account for rent” of tenant’s apartment. It concluded with the statement, "unpaid balance $293.40”, written immediately above the signature of the agent. Simultaneously, on a separate paper, the agent wrote out a list of repairs followed by the statement: "We agree to work out a small adjustment.” Thereafter, the agent went to tenant’s apartment, completed various items of plastering and painted the apartment. However, the agent testified that he did nothing to stop the leaks in the bedroom, claiming that he was unable to remedy this situation because he had difficulty gaining access to the apartment above tenant’s. After she paid the agent the $656.40 on November 30, 1979, and after the agent caused the plastering and painting to be done, tenant believed her case had been settled. Thereafter, however, to her surprise and consternation, landlord sought to execute the outstanding warrant of eviction. With the assistance of an attorney furnished by the Bronx Legal Services,, tenant then brought on the instant motion to vacate the warrant of eviction and its underlying judgment.
Landlord’s agent testified that he did not intend to reinstate tenant’s tenancy by accepting the $656.40 from her on November 30, 1979; but, tenant disagreed, testifying that the agent promised her that by her payment she was back in good standing; and, that both agreed that she would pay the balance of $293.40 to cover her entire indebtedness through November, 1979, when the agent completed all of the repairs on the listing he wrote and signed; and, that thereafter an adjustment would be worked out to compensate tenant for the deprivations she sustained because of landlord’s breach of the *644 warranty of habitability. She further testified that the agent agreed to forego legal fees, and this is supported by the agent’s omission of any amount for legal fees in his calculation of the total indebtedness owed through November, 1979. Tenant testified that had she been aware that landlord intended to take her $656.40 and then break his promises and then evict her anyhow, she would not have given the money to the agent but would have returned it to the City of New York and moved from the apartment. Tenant’s version is supported by both the rent receipt and the repair listing, written and signed by landlord’s agent. There is no independent support for the agent’s version. This court believes the testimony of the tenant and disbelieves the agent’s version. An example of the poor credibility of landlord’s agent was his testimony at the hearing that he could not keep his written promise of November 30, 1979 to remedy the leaks in tenant’s apartment because of his inability to gain access to the apartment above tenant’s. That he could not gain access to the overhead apartment during the four- and one-half month intervening period is simply not credible.
Counsel for landlord argued at the motion hearing that landlord had an absolute right under the holding in New York City Housing Auth. v Torres (61 AD2d 681) to cause the warrant of eviction to be executed.
Counsel for tenant cited in opposition J A R Mgt. Corp. v Foster (99 Misc 2d 315), where the court based the grant of vacatur on the wrongful, unjust conduct of the landlord. In that nonpayment proceeding, the landlord accepted what the court (supra, p 317) called "the exact amount of the possessory judgment” after the warrant of eviction based on tenant’s default had been issued. Thereafter, landlord caused the warrant to be executed and the tenant evicted. The court vacated the warrant and the underlying default judgment, rendered a judgment of possession in favor of the tenant, and, ordered the issuance of a warrant for the restoration of the tenant to possession. This court believes that the foregoing conclusion is sound under the holding of the Appellate Division, First Department, in Matter of Walker v Ribotsky (275 App Div 112, 114), wherein the Appellate Division said: "If, therefore, before the warrant is executed, the tenant pays and the landlord accepts the rent found to be due and owing * * * the landlord will be deemed to have assented to the continuance of the tenancy”. Although Matter of Walker v Ribotsky (su *645 pro, p 114) involved a rent controlled tenant (which the instant case does not) the Appellate Division, First Department, stressed in that case that "The provisions of the emergency rent laws have no application where it is sought to dispossess a tenant for nonpayment of rent.” Accordingly, the principle enunciated in Matter of Walker v Ribotsky (supra), applies equally to tenants in controlled as well as noncontrolled premises. Matter of Walker v Ribotsky (supra) has never been reversed.
Landlord’s reliance upon the word "payment” in the dicta of Torres is not well placed because, in the case at bar, we have gone past the point of "payment” to "acceptance”. What is overriding is that good cause must be shown to justify vacatur, and, payment and acceptance are only elements in evaluating good cause. Acceptance, per se, is a very strong consideration. For instance, a city Marshal faces disciplinary penalty if he executes the warrant after a landlord accepts the total amount of arrears in a nonpayment proceeding. (Directive of New York City Dept of Investigation, dated April 23, 1979.) Yet, an acceptance may be qualified. In 225 West 16th St. Corp. v Diaz (NYLJ, Jan. 30, 1980, p 10, col 3), vacatur was denied where landlord’s acceptance was "without prejudice by directive of the court.” Accordingly, the circumstances surrounding the acceptance will determine the weight and worth of the acceptance in the search for good cause.
Where, as here, the payment and acceptance were part of a written agreement under which tenant was induced to pay landlord’s agent a sum of money in excess of the total amount demanded in the petition, in reliance upon written promises which reasonably interpreted intended that tenant continue in possession, execution of the warrant would be unfair and unwarranted. (See Pamela Equities Corp. v De La Paz, NYLJ, March 13, 1980, p 11, col 4; Park West Vill. Assoc. v Ademola, NYLJ, Jan. 22, 1980, p 5, col 1; Adams Realty Co. v Williams, NYLJ, May 25, 1979, p 6, col 1; Stuyvesant Realty Co. v Charles, NYLJ, Dec. 7, 1979, p 5, col 1; Coors Mgt. Co. v Flynn, NYLJ, Jan. 25, 1979, p 10, col 1.)
In addition, tenant has made the requisite showings of excusable default and a meritorious defense. Landlord’s breach of the warranty of habitability was admitted by landlord’s agent; and, tenant’s claim of excusable default has not been controverted. There had been an earlier proceeding (Index No. L&T 83919/79) in which rent arrears were de *646 manded for some of the months claimed in this proceeding. When tenant appeared in court ready for trial on September 17, 1979, landlord discontinued that first proceeding. Two days later, on September 19, 1979, he commenced the within proceeding by conspicuous (nail and mail) service. In what tenant called the confusion that followed, she brought the new process to the office of the Bronx Legal Services, but not in time to prevent the issuance of the warrant of eviction.
Accordingly, tenant’s motion is granted, the warrant of eviction and the underlying default judgment are both vacated, the petition is dismissed, and tenant is entitled to a judgment of possession. Landlord’s claims for attorney’s fees and costs are denied.