OPINION OF THE COURT
William Ritholtz, J.
In this nonpayment proceeding, respondent tenant moved to vacate and set aside a default judgment and warrant of eviction and for an order restoring the tenant to possession of the subject premises. The tenant, Mamie Copeland, prior to her eviction, resided in housing rehabilitated and subsidized by the United States Department of Housing and Urban Development (HUD) under the section 8 program. This program provides for rent subsidies to be paid to the owner by HUD, with the tenant paying the remaining portion, which in the instant case amounted to $111 per month.
The tenant began to withhold her share of the subsidized rent in concert with other tenants in the building, who were protesting administrative irregularities and health code violations on the part of the landlord. About five months later, the landlord issued respondent a dispossess, claiming arrears of $555, late charges and legal fees. Prior *727 to receipt of the dispossess respondent received no other notice from the landlord advising her of the impending proceeding.
A discrepancy exists with respect to the facts surrounding the procedure of the case. The matter was scheduled for trial on October 19, 1983 and adjourned to October 24, 1983, supposedly at the tenant’s request, and marked final against her. The tenant asserts that she appeared in court for the first time on October 24, 1983, at which time she sought an adjournment to engage counsel. She believed then that her application had been granted and the proceeding postponed to October 31, 1983. Although respondent returned to court on that date, the case did not appear on the calendar. Being unable to ascertain the status of the case by speaking with court personnel, she departed and awaited further notice.
Tenant was unaware that on October 24, 1983 a default judgment was entered against her for her failure to appear, with a stay of issuance of the warrant for seven days, until October 31, 1983.
Subsequently, Ms. Copeland was evicted in December, 1983, claiming that she never received a 72-hour notice of eviction prior to her removal.
The present motion calls upon the court to determine whether the petitioner landlord failed to comply with procedures mandated by Federal regulations in eviction proceedings in section 8 housing, and if so, whether such failure divests the court of subject matter jurisdiction such as to render the default judgment a nullity.
Tenant challenges as a jurisdictional defect the landlord’s failure to issue proper notice of the proposed proceedings in accordance with section 1437f of title 42 of the United States Code, the regulations promulgated thereunder, and the procedures set forth in the HUD handbook.
Federal regulations dictate that prior to any termination of tenancy, the owner must provide the tenant with written notice. This notice must state when and on what grounds the tenancy is terminated. It must, in addition, advise the tenant that he has an opportunity to be heard on the matter. (24 CFR 881.607 [c] [1]; HUD handbook 4350.3, § 4-20.)
*728 One of the grounds for termination of tenancy is “material noncompliance” with the lease. (24 CFR 881.607 [b] [3].) Section 4-18 of HUD handbook 4350.3 includes as “material noncompliance”, “one or more substantial violations of the lease including nonpayment of rent * * * Examples of material non-compliance include, but are not limited to, nonpayment of rent beyond any grace period available under State law”.
The procedures require, in addition, that “[wjhatever the cause, the Owner must have given the tenant prior notice that such action would be grounds for termination of tenancy”. (HUD handbook 4350.3, § 4-19.)
Landlord would further be obligated to furnish a termination notice in accordance with the Federal requirements above since it has, by its participation in the HUD program, become a government actor for the purposes of the due process clauses of the Fifth and Fourteenth Amendments. (Green Park Assoc. v Inman, 121 Misc 2d 204 [Demarest, J.], and cases cited.)
For the five months in question, the landlord had accepted the HUD subsidies, which represented the major portion of the rent. The landlord now adopts the novel, although untenable, position of seeking a total eviction of the tenant despite having received most of the rent from HUD. The landlord claims that the tenant was due no notice of this practice, which was cloaked in the guise of a nonpayment proceeding. To the contrary, the tenant should be afforded the same right of notice in this nonpayment action as in a formal eviction proceeding under section 8. HUD assumes the same position as a participant in the rent program irrespective of the nature of the proceeding. The HUD guidelines could not have been intended to intimate a notice requirement in a holdover-type action only, as opposed to a nonpayment proceeding, especially since both actions may result in the tenant’s eviction.
This court is not prepared to deprive tenant of her Federal rent entitlement without an opportunity to be heard, as guaranteed by the United States Constitution, prior to termination of such benefits. (Green Park Assoc. v Inman, supra, at p 205.)
*729 The court therefore finds that the petitioner landlord failed to comply with the Federal law and did not give adequate notice as provided therein. The requirement to serve a pre-eviction notice which comports with Federal regulations constitutes a condition rather than a conditional limitation of jurisdiction. (See Hendrickson v Lexington Oil Co., 41 AD2d 672.)
The failure to so serve is a fatal jurisdictional defect and mandates that the default judgment awarding possession of the premises to the landlord be vacated. (See Green Park Assoc. v Inman, supra; Fishel v Hodges, NYLJ, Jan. 21, 1983, p 14, col 2 [Cannizzaro, J.]; Vanderveer Assoc, v Lewis, 114 Misc 2d 81 [Diamond, J.].)
Assuming, arguendo, that the landlord had served timely notice in accordance with Federal dictates, the tenant would further be entitled to relief from the default judgment notwithstanding the warrant executed upon her.
As in any eviction proceeding where warrant has issued, the court recognizes the well-settled premises that the issuing of the warrant annuls the relationship of landlord and tenant. (RPAPL 749, subd 3; New York City Housing Auth. v Torres, 61 AD2d 681; Iltit Assoc. v Sterner, 63 AD2d 600.) This principle, however, does not derogate the power of the court to grant relief from its own orders or judgments where appropriate even after the execution of a warrant. (Iltit Assoc. v Sterner, supra; Third City Corp. v Lee, 41 AD2d 611; see CCA 212.) The court further has the authority to restore a wrongfully removed tenant to possession even after the execution of a warrant, under proper circumstances. (Oppenheim v Spike, 107 Misc 2d 55, 56.)
It appears from the evidence that the landlord had demanded and received HUD subsidies for Ms. Copeland for the months following the execution of the warrant, namely December, 1983 and January, 1984. The landlord conceded accepting the section 8 subsidy for November, 1983, the period immediately after issuance of the warrant. The receipt and acceptance of these payments constituted a waiver of the warrant by the landlord with intent to reinstate the tenancy. (See Rosen v Hickson, 104 Misc 2d 642, 645 [Nolan, J.], stating that “payment and accep *730 tance are only elements in evaluating good cause. Acceptance, per se, is a very strong consideration.”)
The evidence adduced, in addition, that the tenant was caused to err with respect to the date of trial through either her own mistake or that of the court personnel. Nevertheless, this court is cognizant of the Housing Court procedure and the concomitant confusion suffered by pro se litigants during calendar calls. Experienced landlords and their attorneys hold a distinct advantage in such proceedings over tenants appearing in-person. As the matter is one of discretion, it is emphasized that “[t]he law is not a rigid set of rules totally divorced from all sense of fair play. Nor is the law incapable of forgiving or excusing any and all human error, particularly when that error is clearly unin-' tentional on the part of the one seeking relief from the court and is plainly nonprejudicial to the adversary. Indeed, the policy of the law clearly favors the disposition of actions on the merits.” (Swidler v World-Wide Volkswagen Corp., 85 AD2d 239, 242.)
Accordingly, by reason of the procedural irregularities and alternatively, the good cause demonstrated by the tenant, the motion to vacate and set aside the default judgment and the warrant of eviction executed thereon is granted. Final judgment is directed for the respondent tenant dismissing the landlord’s petition on the jurisdictional ground aforestated, without prejudice. Tenant shall be restored to the premises forthwith.