OPINION OF THE COURT
Margaret Cammer, J.
Respondent Lawrence Greer, a resident for 20 years of the subject cooperative apartment, asks this court to vacate the warrant of eviction issued herein and to require petitioner to accept payment of the full amount of a consent judgment previously entered in this proceeding.
On June 13,1984, while unrepresented by an attorney and in reliance upon a promise of rental assistance from the Department of Social Services, respondent entered into a stipulation of settlement with petitioner wherein, among other things, he consented to the entry of a final judgment in the amount of $1,444. Issuance of the warrant of eviction was stayed on condition that respondent make certain installment payments in satisfaction of the judgment amount.
Despite its apparent promise to do so, the Department of Social Services did not provide the expected rental moneys. *776 Therefore, respondent was unable to fulfill his obligations under the stipulation and a warrant of eviction issued.
Respondent thereupon sought, and obtained, a stay of execution of the warrant to allow him additional time to secure the necessary rent moneys from the Department of Social Services. He visited the welfare center on several occasions during August and September of 1984, when, he states, he was informed that the rent would be paid as soon as his application was processed. However, in November 1984, respondent was told that his application for public assistance was denied and that the judgment would not be paid. His application to the court for an order to show cause was likewise denied.
In dire straits, respondent, on the advice of a court clerk, sought the assistance of a Legal Services attorney who commenced a CPLR article 78 proceeding against the Department of Social Services and petitioner on the eve of respondent’s eviction. That proceeding resulted in an order which, among other things, directed the Department of Social Services to give respondent an emergency grant in the amount of $1,158, to be used in satisfying the consent judgment. In addition, petitioner was stayed from executing upon the warrant until February 10, 1985 to enable respondent to receive and pay out the emergency grant.
The Department of Social Services issued a check in the amount of $2,702, which is the maximum shelter allowance for one person and covered a 14-month period. However, when respondent tendered this amount to petitioner, it refused to accept payment on the ground that it was not the full amount necessary to both satisfy the judgment and bring respondent wholly current in his maintenance obligations.
Although the issuance of a warrant of eviction acts to terminate the landlord-tenant relationship (RPAPL 749 [3]; Iltit Assoc. v Sterner, 63 AD2d 600), the proceeding remains pending until the warrant’s execution. (Whitmarsh v Farnell, 298 NY 336; Cantor Mgt. Co. v Choudri, NYLJ, May 7, 1975, p 19, col 4 [App Term, 2d, 11th Dists].) As long as the tenant remains in legal possession, the court retains jurisdiction to take, or terminate, any steps in the proceeding it deems necessary in the interest of justice. (Joseph v Cheeseboro, 42 Misc 2d 917, revd on other grounds 43 Misc 2d 702; Scaglione v O’Leary, NYLJ, June 28, 1973, p 15, col 2 [Civ Ct, Kings County].) The warrant of eviction may be vacated and the landlord-tenant relationship restored for good cause shown (RPAPL 749 [3]; New York City Hous. Auth. v Torres, 61 AD2d 681) even after the warrant has *777 been executed upon. (Third City Corp. v Lee, 41 AD2d 611; Oppenheim v Spike, 107 Misc 2d 55; Central Brooklyn Urban Dev. Corp. v Copeland, 122 Misc 2d 726 [Civ Ct, Kings County, Ritholtz, J.]; Nelson Assoc. v Hernandez, NYLJ, Apr. 24,1985, p 15, col 4 [Civ Ct, Kings County, Weinberg, J.].)
Here, respondent did not comply with the terms of the stipulation of settlement in this matter solely because of the plainly erroneous decision by the Department of Social Services to deny him public assistance. Petitioner, a quasi-public housing development company, has many tenants who depend on public assistance to meet their shelter obligations and, in fact, is issued a State subsidy to provide housing to low and moderate income households. When petitioner entered into the stipulation with respondent, petitioner was fully aware that respondent’s performance of its terms was dependent on his securing public assistance funds. Moreover, it is undisputed that almost immediately after the formal denial of his application for public assistance, respondent instituted a CPLR article 78 proceeding and, upon receiving the requisite moneys, promptly offered them to petitioner, together with additional rent arrears.
These facts negate petitioner’s assertion that respondent has “used dilatory tactics”, or is “avoiding his contractual obligations”, or that he is “guilty of procrastination.” (Cf. Klugherz v Sutphin Food Shop, 90 Misc 2d 63.) Clearly, respondent’s default was excusable, since it was occasioned by factors beyond his control, namely, the mistaken failure of the Department of Social Services to provide rent moneys to which respondent was legally entitled. Moreover, when respondent did not receive the rental assistance upon which he was relying, he used all means at his disposal to secure the funds rightfully due him. Accordingly, this court finds that respondent’s failure to pay the judgment herein was not deliberate and that there is “good cause” to vacate the warrant of eviction. (Marion Seal Corp. v McCrea, NYLJ, Jan. 11,1979, p 14, col 4; see also, New York City Hous. Auth. v Torres, 89 Misc 2d 404, 406, affd 90 Misc 2d 575, revd on other grounds 61 AD2d 681, supra)
Contrary to petitioner’s belief, respondent’s tender of the judgment amount herein does not constitute a “partial payment”, giving petitioner the right to reject it “unless respondent offers payment which extinguishes his debt to petitioner in toto.” Although respondent may very well be obligated to pay additional rent arrears to petitioner, an obligation to pay rent is not a debt and is not certain to become due. (Matter of Ryan, 294 NY 85, 95.) When petitioner instituted this summary proceeding it *778 invoked the power of the court to establish that certain rents were due, owing and payable. The judgment awarded petitioner represents this court’s final determination of all rents due petitioner in this proceeding, and the only rent “debt” presently due petitioner by respondent, such as to warrant eviction, is the amount due under this judgment. By labeling respondent’s tender of the full judgment amount herein a “partial payment”, petitioner is attempting to bootstrap unlitigated rent claims onto those which have been judicially determined. To condone petitioner’s effort in this regard would reduce the Housing Court, intended as a forum for the just resolution of landlord-tenant disputes, into a collection agency for landlords.
This court’s exercise of its discretion on behalf of respondent is only reasonable and just under the facts and circumstances of this matter. Respondent has resided in this cooperative housing development for more than 20 years without incident until this proceeding. Since tenant Lawrence Greer has been awarded a periodic shelter grant as the result of his article 78 proceeding, petitioner is assured that all rents, past and current, will be available for payment in toto. The only prejudice to petitioner may be some delay in receiving the balance due of any unpaid arrears pending the processing by the Department of Social Services of respondent’s recurring grant. However, petitioner retains its right to commence a new proceeding to recover any rents justly due and owing, should they remain unpaid.
On the other hand, respondent would suffer severe and irreparable harm if he were to be evicted from his subsidized cooperative apartment in which he has built up 20 years of equity.
Accordingly, respondent’s motion is granted. The warrant of eviction is hereby vacated on condition respondent forward the judgment amount of $1,444 to petitioner within 10 days of the date of this decision.