## CARAVAN APARTMENTS, etc. v HOLMES
### Case No. 86-1170-CC
County Court, Duval County

July 1, 1986

### APPEARANCES OF COUNSEL

**Ronald Cohen** for plaintiff.

**Stephen R. Ledoux,** Jacksonville Area Legal Aid, Inc., for defendant.

### OPINION OF THE COURT

MORTON A. KESLER, County Judge.

The cause came to be heard on defendant's Motion for Summary Judgment pursuant to Fla. R. Civ. P. 1.510. It presents the question whether a landlord's acceptance of rent from the Department of Housing and Urban Development constitutes a waiver under § 83.56(5), Florida Statutes (1985).

### *FACTS*

On February 21, 1986, plaintiff, Caravan Apartments (hereinafter "landlord"), filed this action to evict defendant, Mary Holmes (herein-

after "tenant"), alleging material non-compliance with the lease. The tenant answered the complaint and counterclaimed, alleging retaliation, material non-compliance with § 83.51, Florida Statutes (1985), and the Jacksonville Housing Safety Code, and failure to calculate defendant's rental rebate.

The parties stipulated and agreed on the material facts. The tenant's rent is subsidized through the Section 8 Program, administered by the Defendant of Housing and Urban Development (hereinafter "HUD"). The tenant's share of the rent is $70.00 per month and HUD pays $195.00 per month.

After the landlord served its termination notice on the tenant, it refused to accept the tenant's rental payment. However, from February to June, 1986, the landlord continued to apply for and receive $195.00 per month from HUD for the tenant's apartment. The landlord received these payments each month as part of a several thousand dollar check from HUD, which included rental subsidies for other assisted tenants. The landlord cashed these checks and deposited the $195.00 payment for the tenant's apartment, first into a general account, and later into a security account. Both accounts are under the complete and exclusive control of the landlord.

### STATEMENT OF LAW

At common law, if a landlord accepted rent after a termination notice was served, he waived the right to evict. *Makos v. Hand*, 247 So. 2d 795 (Fla. 4th DCA 1971). The waiver rule was codified in the Florida Residential Landlord and Tenant Act, §§ 83.40 to 83.66, Florida Statutes, adopted in 1973. Section 83.56(5) of the Act provides:

> If a landlord accepts rent with actual knowledge of a non-compliance by the tenant . . . the landlord . . . waives his right to terminate the rental agreement.

In the case at bar, the landlord waived its right to evict the tenant, pursuant to § 83.56(5), Florida Statutes, by applying for and accepting HUD rental assistance payments for the tenant's apartment. The landlord accepted the $195.00 HUD rental payment with actual knowledge of the alleged non-compliance. The landlord's termination notices concern conduct occurring in or before February, 1986, yet the plaintiff continued to apply for and receive HUD rental payments from March to the present. The landlord, like any landlord leasing to an unsubsidized tenant, was obliged to refuse all rental payments for the tenant's apartment, including the HUD subsidy.

16

The fact that the landlord began placing the HUD rental assistance payment for the tenant's apartment in a security account does not affect the outcome of this case. Acceptance of rent occurred when the landlord cashed the HUD rent check, and placing the $195.00 HUD payment in the landlord's security account did not revoke the acceptance. The landlord was in complete control of the account and could disburse or transfer the money as it pleased without the tenant's signature.

In concluding that a landlord's acceptance of HUD payments constitutes a waiver, this Court finds persuasive support in *Royal American Management, Inc. v. Godfrey*, 14 Fla. Supp.2d 56 (Orange County, 1985), decided by Judge Hauser. In *Godfrey*, the Court ruled that acceptance of rental assistance payments from HUD constitutes a waiver under Sec. 483.56(5), Florida Statutes, and ordered judgment for the tenant. The Court rejected the landlord's argument that the HUD payments were not rent, and stated:

> "The money paid by HUD to the landlord on behalf of the tenant subsidizes the tenant's *rent*. It is difficult to imagine how one would classify these payments, if it were not rent."

*Godfrey* at 59. The Court strictly enforced the waiver statute even though the landlord had returned all monies to HUD and the Court was "absolutely persuaded that the landlord . . . never intended to waive its right to evict the Godfreys."

Other eviction courts reporting decisions on this issue have ruled that acceptance of HUD rental assistance payments constitutes a waiver. *See, Grunwich Gardens Association v. Pitt*, 484 N.Y.S. 2d 439 (Nassau County 1st Dist. 1984); *Central Brooklyn Urban Development Corp. v. Copleland*, 471 N.Y.S. 2d 989 (Civ. Ct. Kings Co. 1984).

## CONCLUSION

This Court rules that acceptance of HUD rental payments constitutes a waiver under Sec. 83.56(5), Florida Statutes. There is no genuine issue as to material facts and the tenant is entitled to judgment as a matter of law under Fla. R. Civ. P. 1.150. Therefore, the Court grants Summary Judgment to the defendant on plaintiff's claim for possession.

DONE and ORDERED in Chambers, at Jacksonville, Duval County, Florida, this 1st day of July, 1986.