OPINION OF THE COURT
Carl O. Callender, J.
In this hearing, the basic question is whether the respondent has demonstrated sufficient basis to vacate the warrant and require the petitioner to accept the $1,111 required to satisfy the final judgment of $1,511.61 entered on November 16, 1990. The petitioner’s counsel contends that in the instant case, no good cause has been shown and therefore the respondent’s tender of the remainder of the judgment amount on this date comes too late. Accordingly, the petitioner should be permitted to evict the tenant despite the fact that he has the ability to pay the judgment and has tendered it to the landlord.
The petitioner’s counsel cites New York City Hous. Auth. v *732 Torres (61 AD2d 681 [1st Dept 1978]) and Trump Vil. Section 3 v Resnick (NYLJ, Mar. 7, 1990, at 26, col 2 [App Term, 2d & 11th Judicial Dists]) for the proposition that the tenant’s failure to honor a court-ordered stipulation coupled with a history of chronic late rental payments represents a failure to demonstrate the "good cause” that is required under RPAPL 749 (3) to vacate the warrant of eviction. The petitioner’s counsel emphasizes the point that the warrant of eviction has already been issued in this case, citing the proposition that once the warrant of eviction is issued, the landlord is not obligated to accept the tender of rent and a tender of rent does not reinstate the tenancy. (See, Matter of Darwin, 22 Bankr 259 [ED NY 1982].) The petitioner’s counsel propounds that in the instant case the respondent admits owing the rent and offers no real excuse for his failure to make the payment timely; therefore he has failed to show the requisite "good cause”, and therefore the respondent’s motion should be denied. (See, J.A.R. Mgt. Corp. v Foster, 109 Misc 2d 693 [1980].)
At the hearing it was demonstrated that:
1. The respondent did not have the $1,111 required to satisfy the judgment until January 2, 1991.
2. The respondent went to the Department of Social Services for help on November 16, 1990 and December 24, 1990 and was denied assistance because he had prospects for employment.
3. The respondent did tender the $1,111 to the landlord on January 8, 1991 but the petitioner refused the tender and presently seeks the tenant’s eviction forthwith.
4. The respondent will be able to pay the judgment immediately and get current on all rent within 3 weeks.
5. The respondent now has a job making over $500 a week.
6. The respondent had a delinquent rent payment history from June 1989 to the present.
After consideration of all the testimony and evidence adduced, as well as the oral argument, this court determines that good cause has been shown sufficient to vacate the warrant and to require the petitioner to accept the $1,111 in satisfaction of the final judgment of November 16, 1990. The tenant did apply to the Department of Social Services during his period of employment from September through December 1990. The respondent was entitled to some financial assistance from them and received none. The Department’s failure to provide pecuniary help was certainly beyond the respondent’s *733 control. (See, Spirer v Adams, Civ Ct, Bronx County, Mar. 15, 1988 [index No. L&T 59158/87], reported in 17 HCR 429 [where the Honorable S. Rosen concluded that the key consideration in these cases hinges on whether or not there exists circumstances which are beyond the control of the tenant].)
It is clear that in situations such as the instant case where the warrant of eviction has been issued but not executed, this court has the authority to act as justice requires. Certainly, this court can decide that the tenant has the right to pay the amount due under the final judgment and this court may give the tenant whose delay was not deliberate an opportunity to pay the rent. (See, New York Hous. Auth. v Torres, 89 Misc 2d 404, affd 90 Misc 2d 575, revd on other grounds 61 AD2d 681, supra.)
Accordingly, this court finds that it is in the best interests of justice to vacate the warrant of eviction in the instant case. It is manifestly apparent to this court that the respondent’s delay was not deliberate as a result of lackadaisical or neglectful behavior on his part. As soon as the respondent secured the money sufficient to satisfy the judgment he brought it to court and sought an opportunity to pay the landlord. Therefore, the warrant of eviction is vacated and the petitioner is ordered to accept the $1,111 in full satisfaction of the November 10,1990 judgment.