OPINION OF THE COURT
Memorandum.
Order reversed without costs and matter remanded to the court below for a determination de novo following a traverse hearing.
After being evicted pursuant to a warrant issued in this nonpayment proceeding, tenants moved to be restored to possession, asserting the lack of service of the rent demand, the notice of petition and petition, and the marshal’s eviction notice. Nevertheless, the court below terminated the posteviction traverse hearing prematurely on the erroneous ground that landlord’s mere failure to offer into evidence the process server’s logbook, which the process server had brought to the hearing, prevented the court from crediting the process server’s testimony regarding service of the rent demand.
Absent proof of a justifiable excuse for tenants’ nonappearance on the petition’s return date, the default final judgment of possession should not have been vacated nor the petition dismissed (CPLR 5015 [a]; CCA 2102; Peacock v Kalikow, 239 AD2d 188, 189 [1997]; New York City Hous. Auth. v Torres, 61 AD2d 681, 683 [1978]). While landlord’s failure to prove service of a rent demand might establish a meritorious defense to the petition, it would not excuse tenants’ nonappearance in court on the date specified in the notice of petition, assuming proper service of the petition and notice of petition. Moreover, there is no requirement that the records be received into evidence to establish the process server’s credibility (e.g. Kardanis v Velis, 90 AD2d 727, 728 [1982]). While such records are “vital for a proper cross examination” (Central Conn. Teachers Credit Union v Raton, NYLJ, Apr. 24, 1997, at 32, col 3 [App Term, 2d & 11th Jud Dists]), and their production (or an accounting for their absence) serves “the court’s salutary effort to assure compliance with the requirements of due process” (Rose Assoc. v Becker, 153 Misc 2d 900, 902 [1992]), they need not be offered in evidence to avoid an inference that the process server “lack[ed] credibility’ (Matter of Barr v Department of Consumer Affairs of City of N.Y., 70 NY2d 821, 823 [1987]; cf. 22 NYCRR 208.29; Tsafatinos v Delgado, NYLJ, Mar. 18, 1999, at 31, col 2 [App Term, 2d & 11th Jud Dists]).
Accordingly, the matter is remanded for a traverse hearing to address de novo the issues of service of the predicate notice *455 and pleadings (CPLR 5015 [a]; CCA 2102; Peacock v Kalikow, 239 AD2d 188, 189 [1997]; New York City Hous. Auth. v Torres, 61 AD2d 681, 683 [1978]). If determined to be proper, tenants must then prove an adequate excuse for failing to appear and a meritorious defense.
Aronin, J.P., and Patterson, J., concur; Golia, J., taking no part.