Bernard Tomson, J.
On August 15, 1967, the plaintiff in this small claims action took title to premises 2193 Dogwood Lane, Westbury, New York. The plaintiff’s grantor had prior thereto instituted a summary proceeding against the defendant here as tenant. On June 27,1967, final judgment in that proceeding was rendered in favor of the landlord on consent and execution of *156 the warrant was stayed to August 15, 1967. The defendant did not remove from the premises and was finally evicted by the Marshal on August 21, 1967. The plaintiff was required to expend a total of $124 for Marshal’s fees and expenses, and seeks $45 in addition for damages incurred by reason of the defendant’s remaining in possession for six days after the stay expired.
Section 223 of the Real Property Law reads as far-as applicable: “ The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him.”
The plaintiff therefore succeeded to all the rights which his grantor obtained by entry of the final order. (See Home Owners’ Loan Corp. v. McShane, 184 Misc. 579. See, also, Jamaica Investors v. Blacharsh, 108 N. Y. S. 2d 53; United Merchants’ Realty & Improvement Co. v. Roth, 193 N. Y. 570; 507 Madison Ave. Realty Co. v. Martin, 200 App. Div. 146; Corning Chamber of Commerce v. Bohoy, 207 Misc. 789.)
Although there is no statutory authority for the damage claimed' by the plaintiff, common-law principles permit the recovery of the damages claimed. (See 2 Rasch, Landlord and Tenant and Summary Proceedings, § 1472, quoting from Ide v. Finn, 196 App. Div. 304. See, also, Self Serv. Supermarket v. Harris, 140 N. Y. S. 2d 842, affd. 3 A D 2d 697,mod. 3 NY 2d 615.)
It seems clear that the plaintiff is entitled to recover, not only the actual disbursements incurred, but also an amount for use and occupation of the premises for the period subsequent to the expiration of the stay and for such other damages as reasonably flow from the defendant’s continuing in possession until evicted.
Judgment is directed to be entered in favor of the plaintiff against the defendant for $169, with costs and disbursements.