OPINION OF THE COURT
Memorandum.
Order of the court below (99 Misc 2d 315) unanimously reversed, with $10 costs, and motion denied.
In this nonpayment summary proceeding, landlord obtained a final judgment upon tenant’s failure to answer and the warrant of eviction which issued thereon was executed. Tenant then moved to be restored to possession and, after conducting a hearing, the court below granted *694 the motion on the ground that the acceptance of the rent by landlord prior to execution of the warrant, without warning the tenant that the eviction will nevertheless proceed on schedule, had the effect of restoring the landlord-tenant relationship.
We reject the holding of the court below that a landlord has a positive duty to inform the tenant if he intends to accept the money and still evict. The issuance of the warrant of eviction terminates the landlord-tenant relationship between the parties (RPAPL 749, subd 3). The acceptance of rent thereafter does not automatically revive the tenancy and landlord’s intent when he accepts the rent is controlling with respect to this issue (see 2530 Ocean Ave. Realty v McNeill, NYLJ, June 10, 1976, p 10, col 4; Amaral v Guzman, NYLJ, Dec. 12, 1975, p 10, col 2). In the case at bar, there was no competent evidence adduced upon the hearing which would indicate that landlord intended to revive the tenancy. We note that the court below, in reviewing the facts, referred to a telephone conversation between tenant and landlord’s management office. It was improper to do so because upon the hearing landlord’s objection to this testimony was properly sustained when tenant was unable to identify the person she spoke to.
Furthermore, we note that even if tenant had moved to vacate the warrant prior to the execution thereof, such motion would have been denied because tenant failed to show the requisite “good cause” for the granting of such relief (RPAPL 749, subd 3). This proceeding was commenced to recover rent due from October through December, 1978. Tenant admitted owing the rent and she offered no excuse whatsoever for her failure to make payment. Apparently, she had no inclination to pay the rent rightfully due to landlord until her eviction became imminent. This is evidenced by the fact that she tendered the rather substantial sum due a few days after she discovered the 72-hour notice of eviction on her door.
Finally, the implicit finding of the court below that service of the notice of petition and petition was properly effectuated is supported by the record.
Concur: Buschmann, J. P., Hirsch and Kunzeman, JJ.