*551 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and motion denied.
In this nonpayment proceeding, the court restored an evicted tenant to possession based on a finding that tenant’s difficulties in obtaining payments from the Department of Social Services constituted a showing of good cause for relieving tenant of her defaults under a stipulation. The court relied for authority upon dicta in Lindsay Park Houses v Greer (128 Misc 2d 775, 776-777) to the effect that a warrant may be vacated for good cause shown even after the warrant has been executed.
In our view, the trial court’s ruling is not in accordance with the law as it now stands. The authority to vacate a warrant for good cause shown does not survive execution of the warrant (see, RPAPL 749 [3]; Sutter Houses v Diaz, NYLJ, June 1, 1990, at 25, col 5 [App Term, 2d & 11th Jud Dists]). While relief from a judgment may be granted pursuant to CPLR 5015 (see, e.g., Iltit Assocs. v Sterner, 63 AD2d 600; Third City Corp. v Lee, 41 AD2d 611), no basis for doing so was here shown. Nor, in view of its duration, can it be said that tenant’s default under the stipulation was minimal, inadvertent and promptly cured. As the court below itself acknowledged, the eviction was proper. Under the circumstances, the court erred in restoring tenant.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.