OPINION OF THE COURT
Bernard S. Greenbaum, J.
Respondent was lawfully evicted July 21, 1994. On July 22, *243 1994, posteviction, the respondent moved by order to show cause for an order, among other relief, restoring respondent to possession of the subject premises on the ground that the failure to pay rent was occasioned by the Department of Social Services’ failure to make the rent payments to petitioner. The respondent is a recipient of relief available pursuant to Jiggetts v Grinker (75 NY2d 411) from the Department of Social Services. The respondent claims she defaulted through no fault of her own and that she has the means to pay all the rent and arrears. She asserts that as a Jiggetts recipient she has no knowledge of whether rent had been paid or not. Respondent was restored to possession pending the final determination of this motion. The petitioner claims that this court never had jurisdiction to restore the respondent to possession posteviction.
This court agrees with the petitioner and denies respondent’s motion in its entirety.
First, in the absence of an illegal eviction or other compelling circumstance, this court does not retain jurisdiction over a landlord tenant proceeding after execution of the warrant of eviction. (See, Davern Realty Corp. v Vaughn, 161 Misc 2d 550 [App Term, 2d Dept 1994].) In this case the respondent failed to establish a compelling circumstance to justify the restoration of possession. She asserts that her ability to pay the rent and arrears through Social Services is compelling. However, such assertion has been held to be insufficient by the Appellate Term of this Department on at least two prior occasions. (See, Boulevard Gardens Assocs. v Lyttle, NYLJ, Apr. 20, 1992, at 30, col 2 [App Term, 2d Dept 1992]; Woodside Gardens Assocs. v Lombardo, NYLJ, Feb. 3, 1992, at 27, col 1 [App Term, 2d Dept 1992].) The cases cited by respondent in support of her position are lower court cases and Appellate Term cases from other Departments. Such authority is not controlling or persuasive. Further, respondent failed to assert an acceptable excuse for her default in court on her court date.
Finally, the fact that respondent has been temporarily restored to possession pending the determination of this motion does not constitute a compelling factor. Based upon the cases cited herein, this court never had the authority to restore possession. Although tenant relied upon an order of the court, the general rule is that estoppel is not available against public entities. (Matter of Perrotta v City of New York, *244 107 AD2d 320 [1st Dept], affd 66 NY2d 859 [1985].) Therefore, this court is not estopped from granting the relief sought by petitioner.
Re-execution of warrant of eviction is granted forthwith and stayed 20 days.