OPINION OF THE COURT
George M. Heymann, J.
The respondent in this nonpayment proceeding is seeking to be restored to the subject premises which subsequent to her eviction was relet to a new tenant.
Respondent’s pro se order to show cause alleges, inter alia, that the subject building was sold to a new owner at auction prior to her eviction; that the new owner could not maintain this action because he was never substituted as a party; and that this proceeding was consolidated with a prior proceeding.
*433 Respondent’s counsel obtained an order to show cause seeking to join the new tenant (Ada Thana) and the new owner of the premises (Kramlaup Realty Corp.) as necessary parties.
During the pendency of the hearing on the motions, Kramlaup Realty Corp. cross-moved for permission to be substituted as party petitioner in this case and for an order deeming a copy of the Referee’s deed for the subject premises filed nunc pro tunc as of August 2, 1994.
The primary issue, which appears to be one of first impression, is whether the new owner of the subject premises, Kramlaup Realty Corp., had the authority to evict the respondent pursuant to the warrant issued in the name of the petitioner/receiver without first being substituted or joined as a party petitioner and/or amending the warrant to award possession to the new owner prior to said eviction.
In the event the court finds that no such authority vested in the new owner, resulting in an improper eviction, the court must then determine whether the respondent should be restored to possession.
FACTS
Initially, the petitioner, a receiver, commenced a nonpayment proceeding under index No. 107253/92 by conspicuous service of a notice of petition and petition on November 13, 1992. A default judgment was entered on January 5, 1993 for the respondent’s failure to answer and a warrant was issued that same day. On August 5, 1993 the case was discontinued without prejudice.
Subsequently, on September 23, 1993, the petitioner commenced the instant proceeding (index No. 99384/93).
On November 10, 1993, the court (Trussel, J.), after trial, entered a final possessory and monetary judgment in favor of the petitioner in the amount of $2,342.40 and stayed issuance of the warrant through November 20, 1993. On February 3, 1994 a warrant was issued.
On February 16, 1994 the respondent obtained an order to show cause on the grounds that she needed more time to satisfy the judgment. However, instead of applying for said order to show cause under the pending 1993 index No. 99384/ 93 respondent did so under the 1992 index No. 107253/92 which proceeding, as noted above, had been discontinued. After a trial on May 11, 1994, Judge Trussel awarded the *434 respondent a $1,500 abatement plus $40 costs and entered another final possessory and monetary judgment in favor of the petitioner in the amount of $1,970. Issuance of the warrant was stayed five days. The judgment was entered under the discontinued index No. 107253/92. No warrant has issued on said judgment.
On August 2, 1994 Kramlaup Realty Corp. (Kramlaup) purchased the subject premises at foreclosure sale.
On September 12, 1994 the respondent w&s evicted from her premises.
On September 13, 1994 Ada Thana entered into a one-year lease with Kramlaup Realty Corp. for the subject apartment beginning September 13, 1994 and ending September 12, 1995.
ARGUMENTS
The respondent contends that both the 1992 and 1993 proceedings were consolidated and that the judgment and warrant in the instant 1993 case were vacated and subsumed by Judge Trussel’s decision on May 11, 1994 which resulted in the entry of a new final possessory and monetary judgment in favor of the petitioner under the 1992 docket.
The respondent maintains that, notwithstanding whether the cases were consolidated or the judgments satisfied, the petitioner/receiver was no longer in possession or control of the subject premises subsequent to the conveyance of the property to Kramlaup Realty Corp. on August 2, 1994 and thus was barred from executing the warrant after that date. The respondent further argues that the new owner was also prohibited from ordering the execution of the warrant due to its failure to be substituted as a party to this proceeding.
Regarding the issue of substitution of parties, counsel for the new owner, Kramlaup Realty Corp., avers that although the receiver relinquished possession and control of the premises to Kramlaup Realty Corp. he has yet to be discharged and therefore substitution is unnecessary. Under this theory, counsel claims that any action taken by his client was as agent for the petitioner/receiver and did not render the eviction illegal.
Notwithstanding all the arguments raised why substitution as party petitioner is unnecessary, Kramlaup now seeks an order of the court for that very relief. Yet, the affirmation in support of the application continues to maintain the position that substitution was not necessary at the time the warrant was executed.
*435 Similarly, counsel argues that while it was not necessary to have filed any copies of the deed or assignment with the clerk of the court pursuant to CPLR 5019 (c) prior to execution of the warrant, the court should now order such documents deemed filed nunc pro tunc as of August 2, 1994 "to allow the current owner to bring itself into full, if inconsequential, compliance with the statute.”
The new tenant, Ada Thana, maintains that there is no basis for this court to disturb her tenancy since she had no knowledge of any pending litigation regarding the premises.
CONCLUSIONS OF LAW
At the outset, the court finds no merit to the respondent’s contentions that the 1992 and 1993 proceedings were consolidated or that the judgment entered on May 11, 1994 vacated the judgment and warrant in the instant proceeding.
The judgment and warrant under index No. 99384/93 are valid instruments upon which a legal eviction of the respondent could be maintained.
Based upon this finding the court must now determine whether the eviction which occurred on September 12, 1994 was properly executed. Had the receiver ordered the Marshal to execute on the warrant prior to the new owner taking title to the subject premises, clearly, there would be no dispute that the eviction would have been legal.
In support of his position on behalf of Kramlaup Realty Corp., that substitution of parties was unnecessary, counsel’s initial argument is that until the receiver is officially discharged he can remain as the named petitioner and that the actions of the new owner were derivative of the receiver’s authority, as agent of the receiver.
CPLR 6401 (c) provides that: "[a] temporary receivership shall not continue after final judgment unless otherwise directed by the court.”
Upon the sale of the subject premises herein, the receiver no longer had standing to maintain this proceeding in the absence of a further order of the court. (See, Stier v Don Mar Operating Co., 33 AD2d 816.)
As stated by the Appellate Division in Dulberg v Ebenhart (68 AD2d 323, 329 [1st Dept]): "[T]he receiver, by virtue of the original order of appointment and during the ordinary course of the receivership as, in effect, representative of the owner’s *436 estate and entitled to possession, could maintain summary proceedings against the respondent tenant for nonpayment. Upon the termination of the receivership by virtue of the final judgment and the subsequent judicial sale of the premises, there is no authority invested in the receiver to act with respect to the property or the occupants except upon some special order of the court. He simply ceased to be a representative of the owner’s estate entitled to possession.” (Citation omitted.)
Counsel’s alternative argument is that upon conveyance of the property, Kramlaup Realty Corp. was entitled to all the rights that the receiver had, including the right to enforce the final judgment against the respondent, without the necessity of moving for substitution.
Real Property Law § 223 provides in relevant part: "The grantee of leased real property * * * has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent * * * as his grantor or lessor had, or would have had, if the reversion had remained in him.”
The fact that Real Property Law § 223 entitles the grantee (Kramlaup) the same remedies that the grantor (receiver) had with respect to the nonperformance of respondent’s lease obligations, it does not mean that the grantee automatically steps into the shoes of the grantor in the midst of a legal proceeding without a formal act of substitution or joinder.
CPLR 1018 states: "Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.”
The question to be resolved, therefore, is not whether Kramlaup is entitled to be substituted as a party petitioner, but whether, under the facts of this case, the substitution was required as a precondition to the eviction.
Counsel places great weight on the case of Horan v Rothenberg (55 Misc 2d 155) to support his argument. In that case, the grantor of a private house obtained a final possessory judgment on consent with the tenant and execution of the warrant was stayed until the date set for conveyance of the property to Horan. On the agreed date, title was conveyed but the tenant did not vacate until he was evicted, six days later. Horan then successfully sued in Small Claims Court for Marshal fees, use and occupancy and other damages. The *437 court, citing Real Property Law § 223, held that the plaintiff succeeded to all the rights which his grantor obtained by entry of the final order. Based upon that ruling counsel contends that it is "implicit” in the court’s holding that the eviction, taking place after title was transferred and "apparently without any substitution”, was proper.
While this court agrees with the rationale that the plaintiff Horan succeeded to the rights of his grantor by the conveyance of title to the premises, the issue of an illegal eviction was never raised in that proceeding. Moreover, the decision is silent as to what, if any, steps Horan had undertaken to enforce his rights prior to the execution of the warrant (i.e., substitution, joinder or amendment of the warrant).
In contrast to counsel’s conclusion that no substitution occurred or was required, one could reach an opposite inference based on the factual omissions of the case. Therefore, this court finds that the Horan case (supra) is not, as counsel argues, determinative of the issue at hand.
In another case cited by Kramlaup, 6-8 W. 107 Assn. v Nuey (135 Misc 2d 104), the petitioner moved pursuant to CPLR 1018 to substitute its successor in title in its place and stead to prosecute the proceeding. In that holdover proceeding the petitioner landlord obtained a final judgment of possession against the respondent and a warrant of eviction was issued. Subsequent to the issuance of the warrant respondent moved for an order vacating and setting aside the judgment and warrant. The motion was denied. Thereafter, petitioner sold the property to a new entity and successfully moved for substitution. As in the case at bar, the transfer of title to the property occurred during the intervening period between the issuance of the warrant and the execution thereof. However, in 6-8 W. 107 Assn, (supra), it appears that the motion for substitution was made prior to the execution of the warrant. In Home Owners’ Loan Corp. v McShane (184 Misc 579) the Appellate Term, under similar circumstances, granted the successor landlord’s motion to be substituted as party landlord so that the grantee could complete the ouster of the tenant by executing the warrant.
As the court appropriately held in 815 Park Owners v West LB Admin. (119 Misc 2d 671, 673): "It is well-established principle that an owner’s rights and remedies run with the land and may be assumed by a new owner. Thus, it has been held that a new owner upon taking title may succeed to rights *438 under a notice of termination which has not expired, under a notice of termination which has become effective, and even under a warrant of eviction if the warrant were amended to award possession to the new owner .” (Citations omitted.) (Citing Home Owners’ Loan Corp. v McShane, supra; emphasis added.)
The court finds no merit to Kramlaup’s application seeking an order to file the Referee’s deed and assignment of interest for the subject premises nunc pro tunc as of August 2, 1994 pursuant to CPLR 5019 (c).
In Law Research Serv. v Martin Lutz Appellate Printers (498 F2d 836, 839), relied on by counsel, the court stated: "Indeed, Lutz apparently attempted to file its assignment shortly after its execution, but for reasons that are not entirely clear the clerk refused to accept it for filing * * * Since Lutz had made a good faith effort to file the assignment the Referee concluded that it would be inequitable under the circumstances not to relate the May 5th filing of the assignment back to the date when it was first offered for filing, i.e., in early February.” (Emphasis added.)
In the instant matter Kramlaup Realty Corp. made no attempt to file the aforesaid documents with the clerk of the court prior to the execution of the warrant. Kramlaup Realty Corp. seeks to do so now for the first time, after the fact, merely in response to respondent’s motion.
Counsel seeks to shift the burden to the respondent arguing that her failure to show prejudice entitled his client to the relief sought.
Regardless of whether or not the respondent has been prejudiced, the court will not, at this juncture, give retroactive judicial sanction to absolve Kramlaup from that which it failed to do at the appropriate time (see, Chemicraft Corp. v Honeywell Protection Servs., 161 AD2d 250 [1st Dept 1990]).
Therefore, even though Kramlaup Realty Corp. acquired all the rights and remedies pertinent to the subject premises upon foreclosure, it remained in legal limbo with regard to this pending litigation. The receiver’s authority terminated with the sale of the property. Without seeking to be substituted or joined as a party (see, Gin Realty Co. v Joseph, NYLJ, Feb. 28, 1994, at 28, col 2 [App Term, 1st Dept]), or at the very least moving to amend the warrant prior to its execution (815 Park Owners v West LB Admin., supra), Kramlaup Realty Corp. had no authority to order the Marshal to proceed with the eviction.
*439 Having concluded that the new owner improperly effectuated this eviction, the court must now determine whether to grant the respondent’s motion to be restored to possession.
Although the issuance of the warrant of eviction terminates the landlord-tenant relationship between the parties, the court has "the power to vacate such warrant for good cause shown prior to the execution thereof.” (RPAPL 749 [3].) Moreover, the court "may grant relief in appropriate circumstances from its own judgment or orders (CCA, § 212; CPLR 5015), even after execution of a warrant” (Iltit Assocs. v Sterner, 63 AD2d 600, 601).
In evaluating the various factors as to whether to restore the respondent, the court notes that the comparative length of the tenancies between the ousted tenant and the new tenant, although important, is not paramount.
Case law has determined that the rule annulling the landlord-tenant relationship after the issuance of the warrant "will give way if there is a demonstration of palpable fraud (Matter of Joseph v Cheeseboro, 42 Misc 2d 917, 919, revd on other grounds 43 Misc 2d 702) or failure of the landlord to accept a proper tender of rent prior to the issuance of warrant (Matter of Albany v White, 46 Misc 2d 915, 917; see, also, New York City Housing Auth. v Torres, 61 AD2d 681).” (Iltit Assocs. v Sterner, supra, at 601.) As stated in Sutter Houses v Diaz (NYLJ, June 1, 1990, at 25, col 5 [App Term, 2d Dept]), "the reasoning underlying this rule would seem to be that but for the misconduct by the landlord the tenant would have taken such steps as were necessary to prevent execution of the warrant.”
In the case at bar, the court finds that the respondent has failed to demonstrate good cause to merit vacatur of the judgment and warrant. Her claim that she attempted to satisfy the new judgment by erroneously paying the amount of her abatement in lieu of the judgment amount ordered by the court does not pass muster. The acceptance of rent after the issuance of a warrant "does not automatically revive the tenancy and landlord’s intent when he accepts the rent is controlling with respect to this issue” (J.A.R. Mgt. Corp. v Foster, 109 Misc 2d 693, 694 [citations omitted]).
Vacatur of the warrant requires an exercise of judicial discretion (New York City Hous. Auth. v Torres, supra, at 683). Here, the respondent not only failed to tender the proper rent prior to the issuance of a warrant, she produced no evidence *440 at the hearing which would indicate that either the receiver or Kramlaup intended to revive her tenancy after acceptance of her erroneous payment (J.A.R. Mgt. Corp. v Foster, supra).
In this proceeding, there is no evidence that the judgment and warrant were obtained by fraudulent or illegal means. The judgment was rendered after trial and the warrant was properly issued upon that judgment.
In Varveris v Infante (NYLJ, Sept. 15, 1993, at 25, col 3), the court stated that "all other things being equal, where one of two innocent parties must of necessity be injured * * * the party whose claim arose earliest should prevail.” (Emphasis added.)
Here, the respondent cannot claim to be an innocent party. The judgment and warrant were obtained after a due process proceeding before a Judge and respondent was given ample opportunity (10 months) to satisfy the judgment (see, Iltit Assocs. v Sterner, supra; New York City Hous. Auth. v Torres, supra).
On the other hand, the new tenant entered into a bona fide lease agreement subsequent to respondent’s eviction with no knowledge of this proceeding and there is nothing in the record to warrant this court to disturb her tenancy (see, Parkash v Lorenzo, NYLJ, Oct. 12, 1994, at 24, col 4; see, 90-115 W. Gramercy Assocs. v Simeonov, NYLJ, June 18, 1990, at 26, col 4 [App Term, 1st Dept]; Sirak Co. v Santiago, NYLJ, Apr. 2, 1987, at 16, col 4 [App Term, 2d Dept]).
Accordingly, for the reasons set forth above, respondent’s motion to join Ada Thana and Kramlaup Realty Corp. as third-party respondents is granted. Respondent’s motion to be restored to possession is denied. The cross motion by Kramlaup Realty Corp. to be substituted as party petitioner and to file the Referee’s deed and assignment nunc pro tunc is denied.