■ LINCOLN AMSTERDAM HOUSE, INC., Respondent, v CHARLES BAXTER et al., Appellants and Counterclaim Defendants-Appellants. CITY OF NEW YORK, Counterclaim Defendant-Respondent. [637 NYS2d 696] —Order and judgment (one paper) Supreme Court, New York County (Stuart Cohen, J.), entered August 1, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment declaring defendants in violation of the National Housing Act, the rules and regulations of the New York City Department of Housing Preservation and Development (HPD), and defendants' occupancy agreement, and ordered defendants to pay the entire monthly rental for their apartment, the HPD surcharge equal to 50% of the fair market value of their apartment and attorneys' fees, unanimously affirmed, without costs.

The parties agree that defendants were liable for payment of the fair market rent on their cooperative apartment in plaintiff's Mitchell-Lama premises and, accordingly, did not have to file income recertifications to determine whether their rent should be fair market rent or some lesser amount. However, defendants were required to certify their income for the purpose of determining whether they were responsible for payment of a surcharge, and if so, the amount thereof, as provided by section 3-03 (a) of HPD's Rules and Regulations (28 RCNY). The IAS Court correctly determined that the HPD surcharge was not "rent," as specifically provided by paragraph 4 (o) of plaintiff's 1978 refinancing agreement with the United States Department of Housing and Urban Development, and that, accordingly, the surcharge is not preempted by section 236 of the National Housing Act (82 US Stat 498, as amended; 12 USC § 1715z-1) setting forth the formula for the calculation of rent. Defendants are responsible for payment of plaintiff's attorneys' fees pursuant to paragraph 17 (c) of their occupancy agreement. Concur—Murphy, P. J., Rosenberger, Rubin and Tom, JJ.