OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and motion to vacate judgment and warrant denied.
*126 The underlying nonpayment proceeding was commenced against the tenant respondent seeking the amount of $1,317.53. Said amount reflected rent payments ($407.51 per month) due for the months of May, June, and July 1994, plus $95 in legal fees. Inasmuch as tenant failed to appear or interpose an answer, the clerk of the court below entered a judgment on default against the tenant on October 5, 1994. A warrant of eviction was also issued based upon the default judgment.
Thereafter, on October 18, 1994, tenant obtained an order to show cause seeking to vacate the default judgment and warrant of eviction on the grounds that service of process was improperly effectuated. The matter was set down for a traverse hearing on November 10, 1994.
On the day of the scheduled traverse hearing, tenant failed to appear in court, and the motion to vacate the default judgment and warrant of eviction was denied. A second motion by the tenant was made seeking the same relief. In support of the motion, tenant stated in her affidavit that "I was unable to attend traverse hearing due to bad Flu, but paid full Rent Amount 2,445.06 (6 money orders) on same day of traverse hearing.” The six money orders were subsequently returned to tenant since the landlord did not wish to reinstate the landlord-tenant relationship, and a warrant of eviction had already been issued. It should be noted that the amount tendered to landlord on November 10, 1994 reflected rent payments for May through October 1994.
The matter was ultimately adjourned to December 21, 1994, where, after a brief conference on the record, the court considered the motion papers and reserved decision.
While the court’s January 5, 1995, decision states that it found no justifiable excuse for tenant’s default, and no meritorious defense to the proceeding, it ordered that the warrant of eviction be stayed five days for tenant to pay all arrears in rent to date. Upon full payment, the court directed that the warrant and judgment would be vacated. The tenant has complied with the court’s order, and all rent arrears through December 1994 are currently on deposit in escrow pending determination of this appeal. The landlord continues to refuse to accept such moneys and does not wish to revive the landlord-tenant relationship.
On appeal, landlord maintains that the court below improperly granted tenant’s motion to vacate the default in that a meritorious defense and justifiable excuse were not shown. Further, landlord contends that the court improvidently *127 exercised its discretion in vacating the warrant of eviction where tenant had failed to establish good cause for such relief.
In its January 5, 1995 order, the court below explicitly stated that tenant has "failed to prove a justifiable excuse for her default in appearing on the date set for traverse [sic] and has failed to prove a meritorious defense to the proceeding.” Thus, it cannot be said that tenant demonstrated the requisite "excusable default” necessary to vacate the default judgment pursuant to CPLR 5015 (see, e.g., Iltit Assocs. v Sterner, 63 AD2d 600, 601 [1st Dept 1978]; Third City Corp. v Lee, 41 AD2d 611, 612 [1st Dept 1973]; see also, Davern Realty Corp. v Vaughn, 161 Misc 2d 550, 551 [App Term, 2d & 11th Jud Dists 1994]).
Furthermore, RPAPL 749 (3) provides in pertinent part: "The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.” In construing the above statute, this court has consistently held that the mere payment of rent arrears, in and of itself, does not constitute good cause to vacate the warrant of eviction after the issuance of same (see, 133-24 Sanford Ave. Realty Corp. v Hutchinson, NYLJ, May 25, 1989, at 29, col 3 [App Term, 2d & 11th Jud Dists]; J. A. R. Mgt. Corp. v Foster, 109 Misc 2d 693, 694 [App Term, 2d & 11th Jud Dists 1980]). In the case at bar, the tenant offered six months’ rent, totalling $2,445.06, which the landlord rejected, clearly evincing an intent not to renew the landlord-tenant relationship. No other action was taken by the tenant to justify a vacatur of the warrant of eviction, as was noted by the court in its order. However, notwithstanding the lack of merit to tenant’s claim, the court below granted her motion and vacated the warrant of eviction on condition that tenant pay to landlord all outstanding arrears in rent. We cannot find any support for the decision of the court below which must be deemed arbitrary (see, e.g., Matter of Brusco v Braun, 84 NY2d 674, 682 [1994]).
Finally, contrary to tenant’s assertions, we find nothing within the record to support the claim that landlord fraudulently rejected the rental arrears.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.