OPINION OF THE COURT
Carl O. Callender, J.
I. ISSUES BEFORE THE COURT
The question presented in this posteviction matter is under *68 what circumstances and to what extent may a warrant be enforced or executed after a final judgment has been satisfied. In the instant case, the respondent was evicted about six weeks after the judgment was paid.
II. PROCEDURAL HISTORY
1. The Judgment
On June 15, 1998, Judge Bruce Kramer issued a decision granting the petitioner a final judgment issuing the warrant immediately and staying the execution of the warrant according to the following terms and conditions:
A. The judgment amount was $2,883.25.
(A) That amount covered all rent due through June 30, 1998.
(a) That amount included credits for certain Department of Social Services (DSS) checks for June 1998; one received, and one not yet received.
B. Execution of the warrant was stayed through July 31, 1998 to give the respondent Dalisa Decker an opportunity to pay the judgment amount.
C. The petitioner was given authority to accept partial payments without prejudice.
2. Payment of the Judgment
A. The Payment
Sometime in August 1998, DSS paid and the petitioner accepted $3,204.25 on behalf of Dalisa Decker’s rent and in satisfaction of the judgment. A written agreement was prepared and signed by the petitioner on August 31, 1998, a document prepared by the Church Avenue Merchants Block Association, Inc. (hereinafter referred to as CAMBA).
B. The Written Agreement
The CAMBA agreement stated the following terms:
(1) Department of Social Services checks were given to the petitioner totaling $3,204.25 on behalf of Dalisa Decker.
(2) The payment was made pursuant to the stipulation of settlement of June 15, 1998 in the matter of 467 42nd Street and Dalisa Decker.
(3) The payments were made in satisfaction of the judgment.
(4) The payments were made and were intended to represent all arrears currently due.
(5) The landlord expected to receive direct vendor rent payments of $472.50 monthly beginning in September 1998.
*69 (6) The checks were made payable to 467 42nd Street in full satisfaction of the judgment.
The document was signed by an agent of the petitioner who had authority to receive checks on behalf of the petitioner.
C. September DSS Check
The petitioner received an additional rent check from DSS in September 1998. The DSS computer printout indicates that the rent payment sent in September was cashed by the petitioner.
D. The Eviction
The respondent Decker was evicted on October 15, 1998.
E. Stipulated Facts
Oral argument was held on October 21, 1998. On that occasion, both parties agreed that the aforementioned facts were without controversy. It was further agreed that if the agent for the landlord were to testify he would say that while he may have agreed to accept the judgment amount, his intention was never that the warrant should be vitiated by receipt of the full amount of the judgment. There was no controversy between the attorneys for the parties about these facts.
F. Third-Party Respondent
Jessica Rivera, a person who had signed a lease for the subject premises, was joined as a necessary party. It was further stipulated that she was presently living in a shelter and has only two weeks to remain there. It was also agreed that she has children and is presently two months pregnant. The attorneys also stipulated that respondent Decker has three children and has been without any place of shelter since October 15, 1998.
III. ARGUMENT
1. The Petitioner’s Contention
The attorney for the petitioner argues that the state of the law in the Second Department is such that after the warrant has been issued, the petitioner is permitted to evict at any time even after the judgment has been paid. He cites the cases of Davern Realty Corp. v Vaughn (161 Misc 2d 550 [App Term, 2d Dept 1994]) and J. A. R. Mgt. v Foster (109 Misc 2d 693 [App Term, 2d Dept 1980]). He states further that the case pivots upon the intention of the petitioner once a warrant has been issued. He argues further that since it was the intention of the petitioner to hold onto the warrant even six weeks after *70 the judgment had been paid, that intention purifies and legitimizes the execution of the warrant.
2. The Respondent’s Position
The respondent takes the stance that upon full satisfaction of the judgment the foundation of the warrant falls and no further basis exists to execute the warrant. The respondent’s attorney argues further that once the underpinning of the warrant is taken care of, no reason exists to authorize an eviction. He contends further that once the judgment has been fully paid, even the landlord’s intention to do otherwise cannot save an unauthorized or improper eviction. He cites for his legal authority 647 Albany Ave. Corp. v Pittman (NYLJ, Sept. 23, 1997, at 29, col 5 [App Term, 2d Dept]).
IV. LEGAL ANALYSIS
The court observes that the Appellate Term has ruled that a landlord has no obligation to tell the tenant when he accepts rent money that, although he is accepting the money, he intends to evict. (See, J. A. R. Mgt. Corp. v Foster, 109 Misc 2d 693 [App Term, 2d Dept 1980], supra.) The Appellate Term has also declared that issuance of the warrant of eviction terminates the landlord-tenant relationship and acceptance of rent thereafter may not revive the tenancy, especially when the landlord has no such plan in mind. It has further ruled that the authority to vacate a warrant for good cause does not survive execution of the warrant. (See, RPAPL 749 [3]; Sutter Houses v Diaz, NYLJ, June 1, 1990, at 25, col 5 [App Term, 2d Dept].) The Appellate Division of the First Department has recognized that relief from a judgment and warrant of eviction may be granted under CPLR 5015 (a) and (d). (See, Iltit Assocs. v Sterner, 63 AD2d 600 [1st Dept 1978]; Third City Corp. v Lee, 41 AD2d 611 [1st Dept 1973].)
A close reading of the Second Department cases does leave room for a vacatur of an eviction warrant after execution of the warrant. (See, Davern Realty Corp. v Vaughn, 161 Misc 2d 550 [App Term, 2d Dept 1994], supra; New York City Hous. Auth. v Torres, 61 AD2d 681 [1st Dept 1978].)
The circumstances appear to be when good cause has been shown to have existed prior to the execution of the warrant. {See, RPAPL 749 [1], [3]; CPLR 5015 [a], [d].)
V. DECISION OF THE COURT
Based on a review of the circumstances of this case, which includes a payment of more than the judgment amount, an *71 agreement that when the amount was accepted by the petitioner the amount paid was in full satisfaction of the judgment and covered all rent currently due, and a recognition that the petitioner accepted at least one monthly payment thereafter from DSS, this court finds that sufficient good cause was demonstrated to warrant a vacatur of the warrant.
Also, the facts presented to the court warrant that the evicted tenant should be restored to possession immediately and the petitioner ordered to return her property to the apartment without cost to her. The respondent’s attorney has also submitted a proposed order to this court which has also been signed restoring respondent Decker to possession and ordering the return of her property to the subject premises.
This court finds that the intention of the landlord in accepting the rent is not dispositive of the case. The pivotal question was had good cause been shown to warrant a vacatur of the warrant. This court finds that it has and the order of restoration and return of respondent’s property logically follows.