*440 OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for disposition.
Appeal from order dated March 3, 1998 dismissed as moot.
Order dated October 21, 1998 unanimously affirmed without costs.
• The appeal from the order of March 3, 1998, denying landlord’s motion for the entry of a final judgment, was mooted by the entry on June 15, 1998 of a final judgment in favor of landlord.
The order of October 21, 1998 restoring tenant to possession was proper. The Civil Court is authorized pursuant to CCA 212 and CPLR 5015 (d) to restore a tenant to possession even after execution of a warrant in appropriate circumstances (Iltit Assocs. v Sterner, 63 AD2d 600, 601; Third City Corp. v Lee, 41 AD2d 611; Davern Realty Corp. v Vaughn, 161 Misc 2d 550; Matter of Marluted Realty Corp. v Decker, 46 Misc 2d 736; see, Matter of Brusco v Braun, 84 NY2d 674, 682). While, by its terms, CPLR 5015 (d) authorizes restitution only where the court vacates or sets aside the judgment or order pursuant to which the property was lost (which was not the case here), a court also has inherent power to ensure that its process is not executed in an unlawful manner (see, Guardian Loan Co. v Early, 47 NY2d 515, 520; Sutter Houses v Diaz, NYLJ, June 1, 1990, at 25, col 5 [App Term, 2d & 11th Jud Dists] [tenant will be restored where there is fraud by landlord in facilitating execution of the warrant]; 7402 Bay Parkway Assocs. v Diamond, 116 Misc 2d 403, 407).
In the instant case, landlord’s acceptance of the postjudgment September 1998 rent (which landlord did not offer to refund) after the judgment had been paid in full reinstated the tenancy and vitiated landlord’s right to evict pursuant to the judgment. Inasmuch as the warrant was executed after the right to execute it had been lost, the court acted within its power, and did not abuse its discretion, in restoring tenant.
Scholnick, J. P., Chetta and Patterson, JJ., concur.