OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs and motion to vacate warrant of eviction granted.
In this commercial nonpayment proceeding, the underlying dispute revolved around who was responsible for payment of fire guard services. A stipulation of settlement was entered into in November 1999, and so ordered by the court, which provided for the entry of a final judgment of possession, the issuance of a warrant, and a payment schedule. In this stipulation, landlord agreed to furnish tenant with original bills, invoices and checks for the guard services. When landlord did not submit original bills and invoices, tenant moved for further information about the fire guard services arguing that it did not receive what it was promised under the stipulation. At the hearing on the motion on January 10, 2000, the court accepted landlord’s contention that all it had were its own bills that it rendered to tenant and denied tenant’s motion. The court stayed the warrant to January 20, 2000. It was alleged by tenant and its attorney (but denied by landlord’s counsel) that landlord’s counsel agreed on January 10th to work out a payment schedule with tenant. On January 19th, tenant tendered one check earmarked for the January rent and another check for one half of the balance due under the terms of the stipulation. The warrant of eviction issued on January 24th. Tenant’s check on January 27th, for the second half of the balance due, was rejected by landlord. On February 8, 2000, tenant sent a check for the February rent and the balance due on the stipulation, and landlord has retained this check without cashing same. The present motion was made to vacate the warrant for good cause shown and the motion was denied. The lower court found that tenant failed to make a showing of good cause.
While it is true that this Court has held that acceptance of payment by a landlord after the period of a stay, especially where the check is earmarked, will generally result in a vacatur of the warrant and a reinstatement of the tenancy (see, Balfour Ct. v Clarke, NYLJ, Apr. 6, 1999, at 30, col 3; 647 Albany Ave. Corp. v Pittman, NYLJ, Sept. 23, 1997, at 29, col 5; see also, Kew Realty Co. v Charles, NYLJ, June 3, 1998, at *276 27, col 2), landlord counters this argument with paragraph 25 of the lease, entitled “No Waiver,” which states in part that where payment of less than the monthly rent is made it shall be applied to “the earliest stipulated rent” and that “[no] endorsement or statement of any check or any letter accompanying any check or payment as rent be deemed an accord and satisfaction, and Owner may accept such check or payment without prejudice to Owner’s right to recover the balance of such rent.” Whether this clause blunts the effect of the prior cases is a moot point and thus need not be reached herein.
It is the opinion of this Court that tenant has presented a sufficient showing of good cause to justify the vacatur of the warrant under RPAPL 749 (3). This is not a case such as those where this Court has found that tenant offered no excuse for late payment and where the landlord evinced no intent to permit tenant to continue in possession (see, 32-05 Newton Ave. Assocs. v Hailazopoulos, 168 Misc 2d 125; J.A.R. Mgt. Corp. v Foster, 109 Misc 2d 693). The underlying proceeding herein was not a simple case of a tenant refusing to pay rent. There was a good-faith dispute over which party to the lease was obligated to pay the fire guard coverage. The stipulation settling the dispute provided for a payment schedule, but also provided that landlord was to provide tenant with certain documents. When those documents were not forthcoming, it resulted in the appearance before the court on January 10, 2000 and rent payments were tendered by tenant. There is no dispute that all rent is paid to date, as per a prior order of this Court.
Courts abhor forfeitures and equity may intervene to prevent a forfeiture of a valuable leasehold where tenant has made good-faith improvements, landlord is not harmed and tenant would sustain a substantial loss (see, J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392).
It is not controverted herein that tenant has spent millions of dollars renovating the multiple floors that it occupies and that it employs quite a large staff of employees. In view of the fact that tenant showed that the monies owed were either paid and/or tendered, that the lateness of payment was due to a good-faith dispute over the terms of the lease and particularly in view of the length of the tenancy and the value of improvements made to the premises, the motion to vacate the warrant should have been granted (see, Jane St. Co. v Prince, NYLJ, Nov. 13, 1995, at 25, col 1 [App Term, 1st Dept]; Raridge Props. *277 v Haner, NYLJ, Aug. 16, 1991, at 28, col 4 [App Term, 2d & 11th Jud Dists]; see also, Jones v Allen, 185 Misc 2d 443).
Scholnick, P. J., Aronin and Patterson, JJ., concur.