In the Matter of DAYTON TOWERS CORP., Appellant, v DEVONA GETHERS, Respondent. [807 NYS2d 126]—

In a summary proceeding based upon nonpayment of rent, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated June 4, 2004, which, inter alia, reversed an order of the Civil Court of the City of New York, Queens County (Birnbaum, J.), dated April 19, 2004, denying the respondent's motion to be restored to possession of the subject premises, and granted the motion on condition that, among other things, she pay the petitioner the sum of $2,815.30.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and the order dated April 19, 2004, is reinstated.

The Appellate Term improvidently exercised its discretion in

restoring the respondent to possession of the subject premises based upon the petitioner's alleged promise that the respondent's tenancy would be preserved if she paid it the sum of $5,000. There is no evidence in the record that the petitioner made this promise, or that the respondent claimed that such promise was made. Thus, the alleged promise cannot form the basis to restore the respondent to possession pursuant to CPLR 5015 (a) (3) (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 69 [2003]). Additionally, the respondent's repeated claims of financial distress were insufficient to justify restoring her to possession based on the court's inherent discretionary power to vacate its own judgments in the interests of substantial justice (*see Woodson v Mendon Leasing Corp., supra*; *Goldman v Cotter*, 10 AD3d 289 [2004]; *New York City Hous. Auth. v Torres*, 61 AD2d 681 [1978]; *Davern Realty Corp. v Vaughn*, 161 Misc 2d 550 [1994]; *Zara Realty Holding Corp. v Espinal*, 162 Misc 2d 242 [1994]). This is particularly so given the respondent's admission that she still owed the sum of $1,741 in back rent and had no present ability to pay that amount. The respondent also had the benefit of having no less than four orders to show cause signed, invoking the aid of the judicial system in her attempt to keep her tenancy. In each case, the respondent either failed to live up to her promises of payment or failed to comply with the Civil Court's directives as to payment.

However, the Appellate Term was correct in its observation in its decision dated June 10, 2004, that the petitioner's claim to recover Mitchell-Lama housing surcharges cannot be recovered in a summary nonpayment proceeding brought pursuant to RPAPL 711 (2) as such surcharges do not constitute unpaid rent (*see Matter of Bedford Gardens Co. v Silberstein*, 269 AD2d 445 [2000]; *Lincoln Amsterdam House v Baxter*, 224 AD2d 207 [1996]). Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.