New York City Housing Authority Glenwood Houses, Respondent, 
against
Dawn Walker, Appellant.




Dawn Walker, appellant pro se.
NYCHA-Law Department (Andrew M. Lupin, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Bruce E. Scheckowitz, J.), dated September 14, 2015. The order denied tenant's motion to be restored to possession in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding, tenant failed to appear on a scheduled court date, and a default final judgment was entered awarding landlord possession and the sum of $2,541.41. Thereafter, tenant applied for six orders to show cause seeking to vacate the default final judgment. The Civil Court declined to sign three of the orders to show cause and denied the motions attendant to the three orders to show cause which had been signed. Tenant was evicted on August 31, 2015 and subsequently moved to be restored to possession. By order dated September 14, 2015, the Civil Court denied tenant's motion.
Although the Civil Court may restore a tenant to a premises after the execution of a warrant as a grant of relief, in appropriate circumstances, from its own judgment or orders (see CPLR 5015 [d]; Matter of Brusco v Braun, 84 NY2d 674, 682 [1994]; 467 42nd St. v Decker, 186 Misc 2d 439 [App Term, 2d Dept, 2d & 11th Jud Dists 2000]; Davern Realty Corp. v [*2]Vaughn, 161 Misc 2d 550, 551 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]; see also Matter of Lafayette Boynton Hsg. Corp. v Pickett, 135 AD3d 518, 522 [2016, Saxe, J. concurring]), no basis for doing so was shown here. We note that tenant showed no present ability to pay rent (see e.g. Matter of Dayton Towers Corp. v Gethers, 24 AD3d 663, 664 [2005]), and, even if the marshal had improperly executed the warrant, such a failure may give rise to liability against the marshal but it does not affect the validity of the final judgment, nor does it provide a basis to be restored to possession (see 789 St. Marks Realty Corp. v Waldron, 46 Misc 3d 138[A], 2015 NY Slip Op 50073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Presidential Mgt. Co. v Farley, 78 Misc 2d 610 [App Term, 2d Dept, 2d & 11th Jud Dists 1974]). Tenant's remaining contentions are unpreserved for appellate review.
Accordingly, the order is affirmed.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017