Foundation of Love, USA, Inc., Respondent,
against
Dante Pena, Appellant, "John Doe" and "Jane Doe", Undertenants.




Harvey A. Herbert, Esq., for appellant.
Glenn A. Reichelscheimer, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), entered September 30, 2016. The order denied tenant's motion to be restored to possession in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
Landlord commenced this nonpayment proceeding seeking rent at the rate of $484 per month from August 2014 through May 2015, for a total of $4,840. Tenant timely answered, asserting a general denial and an affirmative defense of breach of the warranty of habitability. Following a nonjury trial, the Civil Court found that tenant owed $7,905 through December 2015 and that tenant was entitled to an abatement of $2,150, and directed landlord to make certain repairs by December 31, 2015. The court awarded landlord a final judgment of possession and the sum of $5,755, with the issuance of a warrant stayed for five days. 
More than nine months later, on September 28, 2016, tenant was evicted. That same day, tenant moved to be restored to possession, alleging that he had not been served with court papers and that he had never had his day in court to arrange for a payment plan. During oral argument of the motion, tenant admitted, among other things, that he had tendered only $2,000 of the [*2]$5,755 judgment amount and that he had failed to pay ongoing rent for approximately half of the months since the trial, but he claimed that he had the ability to pay the arrears, although he did not bring any proof of that to court.
By order dated September 30, 2016, the Civil Court denied tenant's motion. The court found that, because the parties had previously been in court in another nonpayment proceeding, which had been restored several times pursuant to various motions, tenant was not unfamiliar with the court process, and that it is therefore likely that the true reason tenant had not moved to restore the proceeding after the repairs had not been completed by December 31, 2015 was that tenant had lacked the funds to pay the arrears and ongoing rent. The court further stated that, while tenant had a long-term tenancy and the equities generally favor protecting such tenancies, "where actions are intentional and the default is clear, this Court may not restore the tenancy."
Tenant appeals from the September 30, 2016 order, arguing that, prior to his eviction on September 28, 2016, he had not been served with any order or warrant giving him notice of, or authorizing, the eviction and therefore "the court had no jurisdiction over [him] and [the] judgment should be vacated"; that landlord breached the warranty of habitability; and that a nonmilitary affidavit of investigation did not properly describe tenant.
Landlord responds that all papers, including the petition and notice of eviction were properly served, and that the affidavit of investigation did not describe tenant but rather tenant's neighbor, who had answered the nonmilitary questions from landlord. Landlord further argues that because tenant failed to make the required payments or take any action regarding the repairs, the "appropriate circumstances" needed to restore a tenant to possession do not exist.
While it is well settled that a tenant may, in "appropriate circumstances," be restored to possession after the execution of a warrant of eviction if the tenant was wrongfully removed from the premises (Matter of Brusco v Braun, 84 NY2d 674, 682 [1994]; see e.g. 467 42nd St. v Decker, 186 Misc 2d 439 [App Term, 2d Dept, 2d & 11th Jud Dists 2000]; Davern Realty Corp. v Vaughn, 161 Misc 2d 550, 551 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]; see also Matter of Lafayette Boynton Hsg. Corp. v Pickett, 135 AD3d 518, 522 [1st Dept 2016, Saxe, J., concurring]), the failure to properly serve or execute a 72-hour notice does not affect the validity of the underlying final judgment and affords no basis for granting a motion to restore (see New York City Hous. Auth. Glenwood Houses v Walker, 56 Misc 3d 130[A], 2017 NY Slip Op 50862[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 789 St. Marks Realty Corp. v Waldron, 46 Misc 3d 138[A], 2015 NY Slip Op 50073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; 601 Realty Co. v Osman, NYLJ, Apr. 6, 1989 [App Term, 2d Dept, 2d & 11th Jud Dists]; Presidential Mgt. Co. v Farley, 78 Misc 2d 610, 612 [App Term, 2d Dept, 2d & 11th Jud Dists 1974]). Moreover, "[r]estitution upon motion is discretionary" (Golde Clothes Shops, Inc. v. Loew's Buffalo Theatres, Inc., 236 NY 465, 472 [1923]), and here, the Civil Court did not improvidently exercise its discretion in denying tenant's motion, as tenant failed to provide any justification for his failure to pay the judgment amount (New York City Hous. Auth. v Torres, 61 AD2d 681 [1978]). The Civil Court had already taken the breach of the warranty of [*3]habitability into consideration by giving tenant a substantial abatement on the arrears owed. In addition, tenant failed to offer any reason for his failure to seek to restore the proceeding prior to his being evicted.
Finally, as the allegation regarding the nonmilitary affidavit was not made to the Civil Court, it is dehors the record and will not be considered (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019