275-277 Realty, LLC, Respondent,
against
Cherridon Lawrence-Harris, Appellant. 




Felton & Associates (Regina Felton of counsel), for appellant.
Law Offices of Scott D. Gross (Scott D. Gross and Thomas J. Motyka of counsel), for respondent.
Consolidated
 appeals from orders of the Civil Court of the City of New York, Kings County (John H. Stanley, J.), dated April 4, 2016 and October 13, 2016, respectively. The order dated April 4, 2016 denied tenant's motion to be restored to possession in a nonpayment summary proceeding. The order dated October 13, 2016 denied tenant's motion to be restored to possession and for the release of funds deposited into court.




ORDERED that the orders are affirmed, without costs.
In this nonpayment proceeding, tenant appeals from orders of the Civil Court, dated April 4, 2016 and October 13, 2016, respectively. The order dated April 4, 2016 denied tenant's motion to be restored to possession. The order dated October 13, 2016 denied tenant's motion to be restored to possession and for the release of funds deposited into court.
The Civil Court may restore a tenant to a premises after the execution of warrant as a grant of relief, in appropriate circumstances, from its own final judgment or orders, such as where a default under a stipulation or order was de minimis, inadvertent and promptly cured, or where a basis for relief from the final judgment is shown (see CPLR 5015 [d]; Matter of Brusco v Braun, 84 NY2d 674, 682 [1994]; New York City Hous. Auth. Glenwood Houses v Walker, 56 Misc 3d 130[A], 2017 NY Slip Op 50862[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Remeeder Houses, LP v Perry, 46 Misc 3d 139[A], 2015 NY Slip Op 50081[U]; Davern [*2]Realty Corp. v Vaughn, 161 Misc 2d 550, 551 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]), but here tenant did not allege any proper basis for restoration. Tenant showed no grounds under CPLR 5015 to disturb the final judgment. Execution of the warrant had been stayed, by order dated December 15, 2015, only through December 31, 2015, and, therefore, even assuming that tenant had all of the funds to pay the rent when the April 4, 2016 order was rendered, her default was not de minimis, inadvertent, or promptly cured. Nor did tenant show that she had the ability to make landlord whole by paying its legal and marshal fees (see BJB Realty Corp. v Holloway, 10 Misc 3d 133[A], 2005 NY Slip Op 52085[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). It is also noted that landlord alleges that there is a new tenant in possession, who has not been joined.
To the extent that, on appeal, tenant is seeking the release of the $9,082 deposited into court, tenant does not provide any basis for such release, particularly given the $10,426.85 judgment entered in landlord's favor. There is no indication in the record that the judgment has been otherwise satisfied. 
Accordingly, the orders are affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019