DLB of NY, LLC v Billan (2021 NY Slip Op 50158(U))

[*1]

DLB of NY, LLC v Billan

2021 NY Slip Op 50158(U) [70 Misc 3d 143(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1385 Q C

DLB of NY, LLC, Respondent,
against
Samir Billan, Appellant, et al., Undertenants.

Samir Billan, appellant pro se.
Thomas E. Berinato, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E.
Unger, J.), entered August 19, 2019. The order denied tenant's motion to be restored to
possession of premises located at 63-26 99th Street, Rego Park, New York 11374.

ORDERED that the order is reversed, without costs, and the matter is remitted for a new
determination, in accordance with this decision and order, of tenant's motion to be restored to
possession of premises located at 63-26 99th Street, Rego Park, New York 11374, following the
joinder of the new tenant in possession, if any, and service upon the new tenant of a copy of
tenant's motion to be restored to possession.
This commercial nonpayment proceeding was commenced by notice of petition and petition
in January 2018 against tenant for a property "located at 63-24 99th Street, Rego Park" described
as "Ground Floor Store and Basement" (first property), which were served at that address. The
predicate notice was also served on tenant at the same address and with the same description. It is
undisputed that, after the commencement of this proceeding, the parties signed a "Lease
Amendment Dated March 17, 2018" for "the street level store located at 63-26 99th Street Rego
Park, NY 11374" (second property), a property adjacent to the first property. The original lease
did not include the second property. On April 18, 2018, following tenant's default, a final
judgment was entered, and a warrant of eviction for the first property was issued. In October
2018, the parties entered a two-attorney stipulation which agreed to terms regarding the
resolution of the proceeding. Tenant subsequently defaulted and landlord moved, as provided in
the stipulation, for, among other things, the warrant to issue forthwith. On February 7, 2019, the
Civil Court, without opposition, granted landlord's motion, and stayed execution of the warrant
for five days.
Tenant brought a series of orders to show cause (OSCs) over the next few months. On [*2]June 21, 2019, tenant was evicted from the first property. After
tenant brought additional OSCs, he was evicted from the second property on August 5, 2019.
Tenant brought an OSC to be restored to possession of the second property, stating in his
affidavit in support of the motion that the premises are his residence and that "I was never taken
to court for the premises 63-26 99th Street." The Civil Court denied tenant's motion.
Landlord is "bound by the notice served" (Singh v Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U],
* 2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008] [internal quotation marks and citation
omitted]), which is not subject to amendment (see Chinatown Apts. v Chu Cho Lam, 51
NY2d 786, 788 [1980]). It is uncontroverted that the second property is separate from the first
property. Consequently, the predicate notice in this proceeding cannot support any request for
possession or relief sought with respect to the second property (see 542 Holding Corp. v Prince Fashions,
Inc., 46 AD3d 309 [2007]). Additionally, the petition does not state the parties' interest
in the second property nor does it describe the second property (see RPAPL 741), and it
does not set forth facts showing the nature of tenant's possession of the second property as a basis
for landlord's recovery thereof. In these circumstances, the second property is not properly the
subject of this proceeding (see RPAPL 741; see e.g. Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 65
AD3d 1155 [2009], affg 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud
Dists 2007]; Giannini v Stuart, 6 AD2d 418 [1958]; Cintron v Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
While tenant was improperly evicted from the second property, his motion seeking to be
restored to possession must be determined by the Civil Court following the joinder of the new
tenant in possession, if any (see CPLR 5015 [d]; Matter of Brusco v Braun, 84
NY2d 674, 682 [1994]; 467 42nd St. v Decker, 186 Misc 2d 439, 440 [App Term, 2d
Dept, 2d & 11th Jud Dists 2000]; Davern Realty Corp. v Vaughn, 161 Misc 2d 550,
551 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]).
Accordingly, the order is reversed and the matter is remitted for a new determination, in
accordance with this decision and order, of tenant's motion to be restored to possession of
premises located at 63-26 99th Street, Rego Park, New York 11374, following the joinder of the
new tenant in possession, if any, and service upon the new tenant of a copy of tenant's motion to
be restored to possession.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021