■ JOHN DiGIGLIO, Appellant-Respondent, v ANTHONY TEPEDINO et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. GERTRUDE P. HIRSCH, Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.)—In an action to recover damages due to a wrongful eviction, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Garry, J.), entered November 16, 1989, which, *inter alia,* (1) granted the defendants and the third-party defendant Gertrude P. Hirsch leave to amend their pleadings, and (2) granted the defendants and third-party defendant Gertrude P. Hirsch leave to renew their opposition to a motion by the plaintiff for summary judgment granted in an order dated August 23, 1988, and upon renewal, vacated the order and denied the motion for summary judgment. The defendants and the third-party defendant Gertrude P. Hirsch cross-appeal from so much of the order as denied that branch of their respective motion and cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof which vacated the order dated August 23, 1988; as so modified, the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a trial to assess damages.

The defendants Anthony and Josephine Tepedino leased a Brooklyn apartment to the plaintiff commencing in October 1985. On June 18, 1986, the defendants brought an eviction proceeding against the plaintiff due to his failure to pay the June rent. The defendants obtained a final judgment of possession and a warrant of eviction was issued on August 18, 1986. On September 3, 1986, and before the warrant of eviction was executed, the parties entered into a stipulation whereby the plaintiff could remain in the apartment until September 30, 1986, which also happened to be the date the lease term was

due to expire, in exchange for the payment of rent for the months of June through September. Thereafter, on October 15, 1986, when the plaintiff failed to vacate the premises, the defendants commenced a holdover proceeding in civil court and obtained a judgment of eviction by default. In December of 1986, city marshals executed the second warrant of eviction and the plaintiff's possessions were removed from the apartment.

After being forcibly evicted from his apartment, the plaintiff obtained vacatur of the default judgment on the ground that he had not been properly served and regained legal possession of the apartment. The plaintiff subsequently commenced the instant action seeking damages for wrongful eviction.

In an order dated August 23, 1988, the Supreme Court, *inter alia*, granted summary judgment in favor of the plaintiff on the liability portion of his claim and set the matter down for a trial on the issue of damages. The Supreme Court thereafter granted the motion by Charles Hirsch, the decedent of the third-party defendant Gertrude P. Hirsch, who had represented the defendants in the eviction proceeding against the plaintiff for leave to renew and leave to amend, and the cross motion by the defendants, and vacated the August 23, 1988, order. We now modify so as to reinstate the August 23, 1988, order which, *inter alia*, granted summary judgment to the plaintiff.

Contrary to the contentions of the defendants and the third-party defendant Hirsch, we find that under the facts and circumstances of this case, the subsequent actions of the defendants after the first warrant of eviction was issued effectively revived the landlord/tenant relationship previously existing between the defendants and the plaintiff. This conclusion is supported by a number of factors, including the acceptance of rental payments after the issuance of the warrant and the commencement by the landlords of a holdover proceeding after the plaintiff refused to vacate the premises, as had been previously agreed upon, rather than attempted enforcement of the warrant of eviction *(see generally,* 3 Rasch, New York Landlord and Tenant § 46:23 [3d ed]; *Rosen v Hickson,* 104 Misc 2d 642). This latter factor, the commencement of the holdover proceeding, clearly evidenced the landlord's intent that the landlord/tenant relationship had been renewed by the stipulation.

Accordingly, since a relationship of landlord and tenant existed between the plaintiff and the defendants when the

plaintiff was forcibly evicted from his apartment in December 1986, pursuant to an improper warrant of eviction, and since there are no triable issues of fact, the plaintiff was entitled to summary judgment on his wrongful eviction action. Thus, the order appealed from must be modified to reinstate the August 23, 1988, order, and the matter is remitted to Supreme Court, Kings County, for a trial on the issue of damages arising from the wrongful eviction claim.

In view of the above determination, we need not reach the remaining contentions of the parties. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.