■ Morgan Barrington Associates of New York, Inc., Respondent, and Pergolis-Swartz, Inc., Intervenor-

Respondent, v 175 EAST 74TH CORPORATION, Appellant. [698 NYS2d 647] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered June 11, 1998, in favor of plaintiff broker and against defendant landlord in an action to recover a real estate broker's commission, and bringing up for review a prior order granting plaintiff's motion for summary judgment, unanimously affirmed, with costs.

The IAS Court correctly held that defendant's obtaining of a RPAPL 749 warrant for the tenant's removal did not "terminate" the tenancy for purposes of the parties' real estate brokerage commission contract. While that contract provided that the commission was contingent upon the tenant's continued occupancy, and defendant obtained a warrant of eviction prior to the commission's agreed upon payout schedule, defendant's so-ordered stipulation with tenant, which stayed the warrant of eviction and provided for the tenant's continued occupancy throughout the commission payment period, revived defendant's obligation to pay the commissions (*see, DiGiglio v Tepedino*, 173 AD2d 763, *lv dismissed* 78 NY2d 1007; *Matter of Walker v Ribotsky*, 275 App Div 112). Most significantly, as the IAS Court stated, "it is undisputed that * * * [defendant] was tendered and accepted, rent throughout the two-year period during which the commission payments were to be made". Plaintiff's statement in its verified complaint that it is a licensed real estate broker was a prima facie showing of licensure under Real Property Law § 442-d that shifted the burden to defendant to come forward with evidence of nonlicensure, and it does not avail defendant that plaintiff did not repeat the allegation of licensure in its affidavit in support of its motion for summary judgment (CPLR 105 [u]). Concur— Sullivan, J. P., Nardelli, Mazzarelli, Lerner and Buckley, JJ.