OPINION OF THE COURT
Memorandum.
Appeal from order and warrant dismissed.
Final judgment, insofar as appealed from by tenant Patricia Harris, affirmed without costs.
The appeal from the order is dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the final judgment (see CPLR 5501 [a] [1]). The appeal from the warrant is dismissed because no appeal lies therefrom (see UJCA 1702).
Contrary to tenant’s contention, the issuance of the warrant in the earlier nonpayment summary proceeding did not obviate landlord’s right to maintain this holdover proceeding. Landlord was entitled to waive the benefit of the statutory cancellation of the tenancy resulting from the issuance of the warrant (RPAPL 749 [3]) and did so here by accepting the rent due under the nonpayment final judgment as well as the after-accruing rent and by directing the const *6 able not to execute the warrant (see Voorhies v Cummings, 42 App Div 260 [1899]; see also DiGiglio v Tepedino, 173 AD2d 763 [1991]).
We note that the Justice Court did not improvidently exercise its discretion in refusing to stay this holdover proceeding based on the cotenant’s military service. Tenant did not show that her ability to defend this holdover summary proceeding was “materially impaired” by reason of the military service of the cotenant (Military Law § 301-b [1]). Moreover, there was no letter from the cotenant’s “commanding officer stating that the servicemember’s current military duty prevents appearance” (50 USC Appendix § 522 [b] [2] [B]) or any other showing that the cotenant’s military duty requirements materially affected the servicemember’s ability to appear (Military Law § 304).
Rudolph, EJ., Angiolillo and Tanenbaum, JJ., concur.