OPINION OF THE COURT
Scott Fairgrieve, J.
The respondent, Gia Kirkos, moves by way of order to show cause to stay the warrant of eviction entered in favor of the petitioner. Petitioner STP Associates and respondent, Greg Schauer, oppose the motion.
Petitioner instituted this nonpayment proceeding by notice of petition and petition by delivery to a person of suitable age and discretion on December 8, 2008. That same month the petitioner and both respondents entered into a stipulation of settlement converting the action from a nonpayment to a holdover proceeding and all parties consented to the entry of a judgment of possession and a warrant of eviction stayed until February 28, 2009. (See affirmation in opposition, exhibit B.) The movant, however, did not vacate the premises by the stipulated date and filed her first order to show cause on March 4, 2009. (See affirmation in opposition, exhibit C.)
In April of 2009 all parties appeared again in court and entered into a second stipulation of settlement where all the parties consented to a judgment of possession and a stay of the execution of the warrant until July 31, 2009. (See affirmation in opposition, exhibit D.) Again, the movant did not vacate the premises by July 31st and subsequently a warrant of eviction was issued and signed by Judge Fairgrieve for this proceeding on August 13, 2009. A 90-day notice was served in October of 2009.
The court has the authority to vacate a warrant for good cause pursuant to RPAPL 749 (3). The movant argues that the landlord retained her checks for November and December rent for a period sufficiently long to constitute acceptance, thereby waiving the right to eviction under Corrado v Harris (13 Misc 3d 4, 5 [App Term 2006]). It is not disputed by the parties that the landlord retained November’s rent check until 23 days later and the check for December’s rent was retained for 18 days. However, the court is not required to imply acceptance of a rent check based on the number of days between tender and return. Any mere receipt of a check does not automatically constitute acceptance.
*309 Therefore the issue in this motion is whether or not the landlord has accepted rent from the subtenant. The court concludes that there has been no acceptance of rent. The subtenant relies on Gomez v Haldas (NYLJ, Sept. 21, 2004, at 19, col 3) claiming that the mere retention of a rent check, even if inadvertent, constitutes acceptance. This reliance is misplaced. There are several critical distinctions between Gomez and the case at bar. First, in Gomez the payments were made after the notice to quit but prior to the commencement of the action. In the current case the rent was not tendered until after the commencement of this action and after two stipulated settlements were reached wherein the respondent, Gia Kirkos, agreed to vacate. Second, in the Gomez case the petitioner had not yet provided the respondent with a reason for not accepting the money. While in this case the checks were returned with a detailed letter stating the reason for not accepting the checks: “Per stipulation of the settlement previously entered into between the parties, your check is being returned. The landlord is seeking possession in accordance with the stipulation.” {See affirmation in opposition, exhibit F.)
Third, in the Gomez case the petitioner still had not returned the rent checks; in this case the landlord did not unreasonably delay in returning the subtenant’s attempted payments. Mail is collected from the petitioner’s post office lock box approximately once a week. The movant’s checks remained in the post office for several days but were subsequently returned upon receipt. However, the returned checks were sent back to the petitioner marked by the post office as having the wrong mailing address/ unable to forward. The returned checks again sat in the post office until the end of the week. Therefore the petitioner had to arrange to have the checks and accompanying letter hand delivered to the respondent. Under the circumstances the checks and letters of explanation were returned to the respondent within a reasonable period.
The subtenant further argues that the actions of a landlord, including the acceptance of rent, can revive the landlord-tenant relationship (DiGiglio v Tepedino, 173 AD2d 763 [2d Dept 1991]). In this case there was no indication that the tenancy would be reinstated. In addition, the movant does not have privity of contract with the landlord, and therefore, even if checks were accepted, the attempted payments could not revive a tenancy because a tenancy never existed between the movant and the petitioner.
*310 Furthermore, even if it was determined that the rent was not returned within a reasonable time period, the court must make a determination of whether there was an intent to reinstate the landlord-tenant relationship by accepting the rent.
“When a landlord accepts payment from a tenant after issuance of a Warrant of Eviction and Judgment of Possession, the court must determine whether it was the landlord’s intent, upon receiving said payment, to reinstate the landlord-tenant relationship.” (284-285 Cent. Owners Corp. v Alexandre, 14 Misc 3d 1230[A], 2007 NY Slip Op 50219[U], *2 [2007].)
It was clear from the accompanying letters that there was never any intention to reinstate the relationship.
In addition, the principal tenant, respondent Greg Schauer has opposed the order to show cause. Mr. Schauer states in his affidavit dated January 6, 2010 that he has continuously been paying insurance on the premises during the time that this matter is pending. The tenant also states that he is relying on the stipulated agreement so that he will not have to pay for the cost of removing the trailer from the premises. He claims that if the matter is not resolved and the tenant is forced to pay removal costs it will result in extreme hardship to the tenant.
The order to show cause is denied, the petitioner may evict forthwith.