Moon 170 Mercer, Inc. v Vella (2023 NY Slip Op 02827)

Moon 170 Mercer, Inc. v Vella

2023 NY Slip Op 02827

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 155605/12 Appeal No. 309 Case No. 2022-05843 

[*1]Moon 170 Mercer, Inc., Plaintiff-Appellant,
v
Zachary Vella, Defendant-Respondent.

Cordova & Schwartzman, LLP, Garden City (Jonathan B. Schwartzman of counsel), for appellant.
Landy Wolf PLLC, New York (David A. Wolf counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about December 8, 2022, which to the extent appealed from, denied plaintiff landlord's motion for summary judgment on its claim to recover rent due under a guaranty for the period from January 1, 2016, through August 1, 2022, unanimously affirmed, with costs.
This action arises out of defendant guarantor's personal guaranty of nonparty Mephisto Management, LLC's (tenant) monetary obligations under a commercial lease for occupancy of real property owned by plaintiff landlord. Defendant has already been found liable on the guaranty and was directed to pay approximately $1 million (Moon 170 Mercer, Inc. v Vella, 146 AD3d 537, 537 [1st Dept 2017], lv denied 29 NY3d 919 [2017]). After defendant paid the judgment, this Court determined in a separate action that tenant could assert a wrongful eviction claim against landlord (Mephisto Mgt., LLC v Moon 170 Mercer, Inc., 151 AD3d 416 [1st Dept 2017]), and then held in this action that defendant can assert a defense of failure of consideration (Moon 170 Mercer, Inc. v Vella, 169 AD3d 537 [1st Dept 2019]). Plaintiff now seeks summary judgment on its claim to recover another $800,000 on the guaranty, asserting that the wrongful eviction claim is refuted by the facts.
Supreme Court properly denied plaintiff's motion for summary judgment as defendant raised a triable issue of fact regarding his failure of consideration defense, which is premised on plaintiff's alleged wrongful eviction of tenant (see generally Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 622 [2012]; CPLR 3212[b]). Specifically, an issue of fact exists as to whether the lease was revived between February 28, 2011, when the warrant of eviction was issued and the lease automatically cancelled by operation of former Real Property Actions and Proceedings Law § 749 (3) (as amended by L 2019, ch 36, pt M, § 19), and February 26, 2013, when plaintiff caused that warrant to be executed (see Mayes v UVI Holdings, 280 AD2d 153, 157-158 [1st Dept 2001]; DiGiglio v Tepedino, 173 AD2d 763, 764 [2d Dept 1991], lv dismissed 78 NY2d 1007 [1991]; 145 E. 16th St. LLC v Spencer, 46 Misc 3d 151[A], 2015 NY Slip Op 50312[U] [App Term, 1st Dept 2015]).
Whether defendant would have exercised his rights under the "good guy" provisions of the guaranty is irrelevant to his failure of consideration defense (see generally I Bldg, Inc. v Hong Mei Cheung, 137 AD3d 478, 478 [1st Dept 2016]). Although our prior decision noted that issues of fact existed on that question (Moon 170 Mercer, 169 AD3d at 537), the law is settled that "[e]viction as a defense to a claim for
rent . . . suspends the obligation of payment either in whole or in part, because it involves a failure of the consideration for which rent is paid" (Fifth Ave. Bldg. Co. v Kernochan, 221 NY 370, 372-373 [1917]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023